[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 20, 2005
THOMAS K. KAHN
CLERK

No. 04-16328
Non-Argument Calendar

_____

D. C. Docket No. 04-00029-MC-WJZ

IN RE:

LIJYASU M. KANDEKORE,

Petitioner.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 20, 2005)**

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Lijyasu M. Kandekore appeals the district court's order denying his petition for reinstatement to its bar. He makes three arguments. First, Kandekore argues the district court erred by denying his petition for reinstatement because, he says, its own rules do not require state bar membership for a reinstatement to be granted. Second, Kandekore argues the district court violated his due process rights by engrafting state bar membership onto Rule IX of the Rules Governing Attorney Discipline. According to Kandekore, Rule 1 of the Special Rules Governing the Admission and Practice of Attorneys is applicable only to an attorney's initial admission to the federal bar, and Rule 3 does not apply to "discipline," but rather, only to retention of federal bar membership. Kandekore maintains that making federal bar reinstatement contingent on an attorney's reinstatement to the state bar renders the federal court subordinate to the state court and allows the district court to abdicate its responsibility to apply its own rules. Kandekore contends that, even if Rules 1 and 3 apply, their provisions conflict with Rule IX, and any conflict should be interpreted in his favor. Third, Kandekore argues his due process rights were violated because he satisfied all of the criteria set forth in Rule IX, but arbitrarily was denied reinstatement based on a separate rule requiring state bar membership for continued federal bar membership. The district court did not err, and we affirm its denial of reinstatement.

## I. DISCUSSION

This Circuit has not yet indicated the standard under which we review an order denying a disbarred attorney's petition for reinstatement to a district court bar. A disbarment order, however, is reviewed only for abuse of discretion. *In the Matter of Calvo*, 88 F.3d 962, 967 (11th Cir. 1996). Under any standard of review, Kandekore's appeal fails.

In the context of disbarment, due process violations are limited to "want of notice or opportunity to be heard." *Id.* (internal quotations and citation omitted). "[D]isbarment by federal courts does not automatically flow from disbarment by state courts," but rather, an attorney's continued membership in the federal bar must be determined through "intrinsic consideration of the underlying record." *In re Wilkes*, 494 F.2d 472, 474–75 (5th Cir. 1974) (citing *Theard v. United States*, 354 U.S. 278, 77 S. Ct. 1274 (1957)).

Under the Local Rules of the Southern District of Florida, pursuant to Rule 1, "[a]n attorney is qualified for admission to the bar of this district if the attorney is (1) currently a member in good standing of The Florida Bar; and (2) has received a passing score on the Uniform Examination." S.D. Fla. Local Rules, Special Rules Governing the Admission and Practice of Attorneys, Rule 1. Rule 3 states that "[t]o remain an attorney in good standing of the bar of this

Court, each member must remain an active attorney in good standing of the Florida Bar." S.D. Fla. Local Rules, Special Rules Governing the Admission and Practice of Attorneys, Rule 3. Under the Rules Governing Attorney Discipline, Rule IX provides (1) a disbarred attorney may file a petition for reinstatement with the Chief Judge of the district court, and (2) a hearing shall be held, during which the attorney has the burden of showing, by clear and convincing evidence, he has the moral qualifications, competency, and learning in the law required for admission to practice, and readmission would not be detrimental to the administration of justice. S.D. Fla. Local Rules, Rules Governing Attorney Discipline, IX-C.

All of the local rules at issue here were promulgated by the same district court and address a common subject, membership in the district court's bar. As with a statute, the rules should be read *in pari materia*, and if any interpretation is necessary, they should be construed consistently with one another. *See In re Bateman*, 331 F.3d 821, 825 (11th Cir. 2003) ("Provisions within a statute are read to be consistent whenever possible."). Rules 1 and 3 are not inconsistent with Rule IX, and state bar membership is a threshold requirement for admission to the district court bar. Whether for admission to the district court bar, retention of membership, or readmission, under the Rules of the Southern District of Florida an

attorney must be a member in good standing of the Florida Bar.

Kandekore's claim that "engrafting" a requirement of membership in the state bar onto Rule IX violates his due process rights is without merit. First, Rule IX should be construed consistently with Rules 1 and 3. Second, in the area of bar-related issues, due process is limited to "want of notice or opportunity to be heard." *Calvo*, 88 F.3d at 967. Kandekore had such notice and opportunity here. Similarly, as to Kandekore's third argument on appeal, his due process rights were not violated because the district court did not arbitrarily deny his reinstatement.

## II. CONCLUSION

Because Kandekore is no longer a member of the Florida Bar, and state bar membership is required for an attorney to be reinstated to the district court bar, the district court did not err by denying his petition for reinstatement.

**AFFIRMED.**