**In re Lijyasu M. KANDEKORE,
Respondent.**

**Docket No. 05–2732–cv.**

United States Court of Appeals,
Second Circuit.

Argued: June 20, 2006.

Decided: Aug. 14, 2006.

Lijyasu M. Kandekore, pro se, for Respondent.

Sarah Lum, Assistant United States Attorney (Varuni Nelson, Assistant United States Attorney, Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, on the brief), Brooklyn, NY.

Before JACOBS, POOLER*, Circuit Judges.

PER CURIAM.

On September 26, 1997, respondent Lijyasu M. Kandekore was disbarred in the United States District Court for the Eastern District of New York (Sifton, *J.*) pursuant to a default order of reciprocal disbarment. On February 7, 2005, the Eastern District received a letter from Kandekore requesting reinstatement. On May 16, 2005, the Eastern District (Korman, *C.J.*) denied the petition for reinstatement without prejudice to renewal if Kandekore was readmitted to the bar of

the state of New York. Kandekore now challenges the requirement that he must be readmitted to the bar of New York before he can be readmitted to the bar of the Eastern District of New York, and contends the decision not to reinstate him was arbitrary. We hold that a district court may reasonably require an attorney seeking reinstatement to meet the requirements for original admission to that bar, and we find that the district court's denial of reinstatement to Kandekore was not arbitrary.

## BACKGROUND

Kandekore was admitted to the New York State bar on June 21, 1989. Presumably based on this membership, he was then admitted to the bar of the Eastern District of New York on March 5, 1991. Kandekore was also a member of the bars of the Southern District of New York, the state of Florida, and the Southern District of Florida.

On April 28, 1995, Kandekore was convicted, following a jury trial, in the Supreme Court of New York, Westchester County, of assault in the second degree, resisting arrest, and driving while ability impaired. *See People v. Kandekore,* 256 A.D.2d 590, 682 N.Y.S.2d 881 (App. Div.2d Dep't 1998). This conviction was affirmed on direct appeal, *id.,* and Kandekore also lost his motion to vacate his conviction under New York Criminal Procedural Law § 440. 10, *People v. Kandekore,* 300 A.D.2d 318, 750 N.Y.S.2d 776 (App. Div.2d Dep't 2002).

Under New York Judiciary Law § 90(4)(a), Kandekore was automatically disbarred by the First Department of the Appellate Division based on his felony con-

---

* Judge Wesley, a member of the original panel, subsequently recused himself. Therefore, this case is decided by the two remaining members of the panel pursuant to Section 0.14(b) of the Rules of the United States Court of Appeals for the Second Circuit.

viction for assault. On April 28, 1997, the Appellate Division's order disbarring Kandekore was filed with the Eastern District of New York. On July 3, 1997, Chief Judge Sifton issued an order to show cause why Kandekore should not be reciprocally disbarred by the Eastern District pursuant to Rules 1.5(c) and (d). *See* E.D.N.Y. R. 1.5(c), (d). This order was served by first class mail; the mailed order was twice returned to the court marked return to sender or undeliverable. On September 24, 1997, after Kandekore failed to respond to the order to show cause, the Eastern District entered a default order of reciprocal disbarment. This order was also served by mail and returned as undeliverable.

In addition to New York and the Eastern District, Kandekore was disbarred by the Southern District of New York, the state of Florida, *Florida Bar v. Kandekore*, 766 So.2d 1004 (Fla.2000), and the Southern District of Florida, *see In re Kandekore*, 140 Fed.Appx. 848 (11th Cir. 2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 555, 163 L.Ed.2d 468 (2005).

On March 1, 2002, Kandekore petitioned for reinstatement to the bar of the state of New York. This petition for reinstatement was denied by the Appellate Division on April 25, 2002. Kandekore was again denied reinstatement to the New York bar in 2004.

On December 24, 2004, Kandekore wrote to the Eastern District of New York requesting the status of his petition for reinstatement. However, the docket sheet from the Eastern District does not reflect that a petition was actually filed until June 9, 2005, after the instant appeal was filed. On May 16, 2005, Judge Korman denied the petition for reinstatement without prejudice to renewal if Kandekore is readmitted to practice in New York. Kandekore filed a timely notice of appeal. Judge Korman subsequently clarified that a necessary precondition for admission to the bar of the Eastern District is that the applicant be a member of good standing of the bar of New York, so Kandekore is not eligible for reinstatement.

The Southern District of Florida similarly denied Kandekore reinistatement because he had not been reinstated to the bar of the state of Florida. *See In re Kandekore*, 140 Fed.Appx. at 849. Kandekore was also denied reinstatement to the Southern District of New York, and his appeal from that denial was dismissed by this court, *Grievance Comm. of the S. Dist. of N.Y. v. Kandekore*, 05–1159 (Feb. 27, 2006).

## *DISCUSSION*

 Kandekore argues that the district court erred in requiring readmission to the state bar as a condition of reinstatement. We have not stated the precise standard of review of a district court's denial of reinstatement to a disbarred attorney. However, in general we review disciplinary actions of the district court for clear abuse of discretion. *See In re Gouiran*, 58 F.3d 54, 56 (2d Cir.1995). We conduct a limited review because " 'while regulation of attorney behavior should remain primarily within the discretion of the district court, . . . fundamental notions of fairness require appellate review of attorney discipline.' " *Id.* (quoting *In re Jacobs*, 44 F.3d 84, 88 (2d Cir.1994)) (internal quotation marks omitted). In addition, we accord substantial deference to a district court's interpretation of its own local rules. *See Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir.2001). However, an error of law is generally considered an abuse of discretion. *See Heerwagen v. Clear Channel Commc'ns*, 435 F.3d 219, 225 (2d Cir.2006).

■ Although Kandekore argues that the Supreme Court applied a de novo standard in *Frazier v. Heebe*, 482 U.S. 641, 107 S.Ct. 2607, 96 L.Ed.2d 557 (1987), he is incorrect. In *Frazier*, the Court recognized that a district court has discretion to adopt rules regulating admission to its own bar. *Id.* at 645, 107 S.Ct. 2607. Nevertheless, the Court found that it could "exercise its inherent supervisory power to ensure that these local rules are consistent with the principles of right and justice." *Id.* (internal quotation marks omitted). The Court went on to strike down rules for admission that it found to be "unnecessary and irrational." *Id.* at 646, 107 S.Ct. 2607. There is no indication that the court was applying a de novo standard of review. We therefore apply an abuse of discretion standard here.

■ Under the local rules of the Southern and Eastern Districts of New York ("Local Rules"), in order to be admitted to the bar of that district, an attorney must be a member in good standing of either (i) the bar of the state of New York or (ii) the District Court in New Jersey, Connecticut, or Vermont and the bar of the state in which the district is located. Local Rule 1.3(a). If the attorney voluntarily resigns from the bar of the state pursuant to which she was admitted, then, unless she files an affidavit stating that she is still eligible for admission, she will be considered to have voluntarily resigned from the bar of the Eastern District as well. *Id.* The rules also state that it is a ground for discipline if an attorney has been convicted of a felony or misdemeanor, or has been disciplined by any court. Local Rule 1.5(b)(1), (2). The rules further provide that "[a]ny attorney ... whose name has been struck from the roll of the members of the bar of this court may apply in writing to the chief judge, for good cause shown, ... for reinstatement to the rolls." Local Rule 1.5(e).

■ The fact that state bar membership is a requirement for admission does not mean that loss of state bar membership requires automatic disbarment. *Gouiran*, 58 F.3d at 57. The Supreme Court has explained that "[w]hile a lawyer is admitted into a federal court by way of a state court, he is not automatically sent out of the federal court by the same route. The two judicial systems of courts, the state judicatures and the federal judiciary, have autonomous control over the conduct of their officers ...." *Theard v. United States*, 354 U.S. 278, 281, 77 S.Ct. 1274, 1 L.Ed.2d 1342 (1957). Furthermore, the Supreme Court has characterized the requirement of state bar admission as "ephemeral in its operation, since its effect is exhausted upon admission to this Bar." *Selling v. Radford*, 243 U.S. 46, 49, 37 S.Ct. 377, 61 L.Ed. 585 (1917). Thus, we have found that a district court erred by automatically disbarring an attorney because she had been disbarred from the state court. *Gouiran*, 58 F.3d at 57.

It is an open question in this circuit whether it would similarly be erroneous to require readmission to the state bar before readmission to the federal bar. In an unpublished order related to the same attorney at issue in this case, the Eleventh Circuit found that requiring readmission to the state bar was permissible. *See In re Kandekore*, 140 Fed.Appx. at 849. The only published opinion on a similar issue from any Court of Appeals that we are aware of is from the Seventh Circuit, which found that denying readmission because of failure to comply with a state court order of suspension was permissible. *See In re Reinstatement of Leaf*, 41 F.3d 281, 284–85 (7th Cir.1994).

Kandekore relies on cases from other jurisdictions in which the federal court refused to reinstate an attorney after the state court granted reinstatement, and argues that the federal court decision does

not follow automatically from the state court decision. *See In re Olkon,* 795 F.2d 1379, 1382 (8th Cir.1986); *In re Culpepper,* 770 F.Supp. 366, 367 (E.D.Mich.1991). However, these cases say no more than that state court reinstatement is not sufficient to require federal court reinstatement, not that it cannot be a necessary precondition. Thus, they are not persuasive.

The Eastern District rule regarding reinstatement states the standard for reinstatement as "good cause." Local Rule 1.5(e). Good cause is not defined in the rule, but the parties agree that the applicable definition has been set out by other jurisdictions as requiring the attorney to demonstrate "by clear and convincing evidence that he or she has the moral qualifications, competency, and learning in the law required for admission to practice law before this Court and that the resumption of the practice of law will not be detrimental to the integrity and standing of the bar or to the administration of justice, or subversive to the public interest." *See, e.g.,* 1st Cir. Disciplinary R. 7(c); D.Conn. R. 83.2(i)(4). The district court has broad discretion to determine whether this standard has been met. The district court's decision to set as a minimum threshold that the attorney meet all the requirements for initial admission is not unreasonable. Presumably the initial admission criteria, including admission to the bar of the state, are also intended to assure moral qualifications, competency, and learning in law. Where, as here, the attorney has been prohibited from practicing law for several years, the need to meet these initial admission criteria is especially strong, so as to show competency, learning in law, and moral qualifications. Admission to a state bar is one indicator of these factors.

Although generally the district court would reciprocally disbar an attorney who had been disbarred by the state, it would not do so if the attorney "establishes by clear and convincing evidence (i) that there was such an infirmity of proof of misconduct by the attorney as to give rise to the clear conviction that this court could not consistent with its duty accept as final the conclusion of the other court, or (ii) that the procedure resulting in the investigation or discipline of the attorney by the other court was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process, or (iii) that the imposition of discipline by this court would result in grave injustice." *Comm. on Grievances of the U.S. Dist. Ct. for the E. Dist. of N.Y. v. Feinman,* 239 F.3d 498, 504 (2d Cir.2001) (citing Local Rule 1.5(d)(2)). We express no opinion as to whether a similar standard should be applied to a state's refusal to reinstate an attorney, rather than making the district court's denial of reinstatement completely automatic. Regardless, it would make no difference in this case because Kandekore has not pointed to any defect in the New York state proceedings denying him reinstatement or shown any grave injustice in not readmitting him.

Because we hold that the district court could properly deny Kandekore readmission on the ground that he had not been readmitted to the bar of the state of New York, we need not address Kandekore's argument that the district court's denial of reinstatement was arbitrary in his case because he clearly demonstrated good cause of reinstatement.

### CONCLUSION

For the foregoing reasons, the order of the district court is affirmed.