

Villanova University School of Law Digital Repository

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-1-2008

# Neil Price v. n

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3782

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Neil Price v. n" (2008). *2008 Decisions.* Paper 425.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/425

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3782
_____

IN RE: DISCIPLINE OF NEIL WERNER PRICE, ATTORNEY
PA ID 35114 A MEMBER OF THE BAR OF THE UNITED
STATES DISTRICT COURT FOR THE WESTERN DISTRICT
OF PENNSYLVANIA,

Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 99-mc-00224)
District Judge: Honorable Donetta W. Ambrose
_____

Submitted Under Third Circuit LAR 34.1(a)
September 26, 2008

Before:   BARRY, AMBRO, and JORDAN, *Circuit Judges*,

(Filed: October 1, 2008)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Appellant Neil Werner Price appeals from an order of the United States District

Court for the Western District of Pennsylvania, denying Price's motion for reinstatement

to its bar.  For the reasons that follow, we will affirm.

**I.    Background**

We assume the reader's familiarity with the case and will therefore discuss only those facts necessary to our decision. On June 24, 1999, the Pennsylvania Supreme Court suspended Price from the bar of the Commonwealth of Pennsylvania for a period of five years. *See Office of Disciplinary Counsel v. Price*, 732 A.2d 599 (Pa. 1999). Subsequently, on July 27, 1999, the United States District Court for the Western District of Pennsylvania issued a rule to show cause why it should not also suspend Price from its bar. In an order dated November 24, 1999, the District Court suspended Price from practicing law before it for five years, retroactive to June 24, 1999.

In December 2006, Price petitioned the District Court for reinstatement. In an order dated July 30, 2007,[1] the District Court denied Price's petition "until such time as he is readmitted to the Bar of the Supreme Court of Pennsylvania, after which time he may apply for reinstatement to the Bar of [the Western District of Pennsylvania]." Price filed a motion for reconsideration, which the District Court denied on September 7, 2007. Price appeals the District Court's denial of his motion for reinstatement.

---

[1]The District Court's July 30, 2007 order was entered on the docket on September 19, 2007.

2

## II. Discussion[2]

We discern in Price's pro se brief six distinct arguments. First, Price argues that the District Court failed to follow its own local rules regarding attorney reinstatement when it denied his petition without holding an evidentiary hearing. We disagree. Local Rule 83.3.7 of the Local Rules of the District Court for the Western District of Pennsylvania provides that an attorney who has been suspended for more than three months may not resume practice until reinstated by court order and that, upon the District Court's receipt of a petition for reinstatement,

> the chief judge shall refer the petition to counsel for investigation and recommendation, and shall assign the matter for a hearing, *or other appropriate action*, before one or more judges of this court ... . The judge or judges assigned to the matter shall schedule a hearing, *if necessary*, at which the petitioner shall have the burden of demonstrating by clear and convincing evidence that he/she has the moral qualifications, competency and learning in the law required for admission to practice law before this court and that his/her resumption of the practice of law will not be detrimental to the integrity and standing of the bar or to the administration of justice, or subversive of the public interest.

---

[2]"The District Court has the inherent authority to set requirements for admission to its bar and to discipline attorneys who appear before it." *In re Surrick*, 338 F.3d 224, 229 (3d Cir. 2003). We have jurisdiction under 28 U.S.C. § 1291.
  "We review district courts' decisions regarding the regulation of attorneys who appear before them for abuse of discretion." *Surrick*, 338 F.3d at 229.

W.D. Pa. LR 83.3.7 C. (emphases added). While the rule suggests that the Court may choose to hold an evidentiary hearing, nothing in the rule requires one.[3]

Second, Price alleges that the District Court erroneously held that it was without authority to reinstate him to its bar until he was reinstated to the state bar. We need not decide whether Price is correct about that as a legal matter, because he is incorrect on the factual premise. There is nothing in either of the District Court's opinions that could be read to suggest that the District Court believed it lacked the authority to reinstate Price.

Third, Price argues that the District Court should not have required his reinstatement to the state bar as a condition of his reinstatement to the federal bar.[4] However, the District Court has broad discretion to prescribe the conditions upon which an attorney may be admitted to practice before it and we cannot say that it was error for the Court to set as a minimum requirement for reinstatement that Price must meet a requirement of initial admission, including state bar admission. *See In re Kandekore*, 460 F.3d 276, 278-80 (2d Cir. 2006) (holding that a district court's order requiring

---

[3]In its order denying reconsideration, the District Court indicated that Price's petition for reinstatement had been referred to the Court's Disciplinary Committee, which took the petition under advisement, prepared an opinion and order denying Price's petition, and circulated the opinion and order to the members of the Court for approval. Upon approval by every member of the Court, Chief Judge Ambrose signed the order on behalf of the Court.

[4]We do not know, and Price does not say, whether he has ever applied for reinstatement to the state bar.

4

readmission to the state bar as a condition of reinstatement to its own bar did not constitute an abuse of discretion).

Fourth, Price appears to challenge the Pennsylvania Supreme Court's 1999 decision to suspend him from the state bar. However, both this Court and the District Court lack jurisdiction to review the Pennsylvania Supreme Court's decision to suspend Price. Although Price points out that the District Court was not obligated to suspend him from practicing before it simply because he was suspended from the state bar, the fact remains that the District Court did suspend Price in 1999, after affording him notice and an opportunity to respond, and that decision is not properly before us in this appeal.

Fifth, Price alleges that the District Court erred when it failed to appoint counsel to oppose his petition for reinstatement. According to Price, the absence of "open opposition" to a petition for reinstatement creates a "vacuum," which "inevitably becomes filled by the tendency of any presiding or reviewing tribunal to fill the void with their own inquiries of a prosecutorial or adversarial nature." (Appellant's Brief at 12.)[5] The result, says Price, is that the court becomes "compromised by circumstances" and "institutionally biased against the petitioner unlucky enough to be arguing without visible opposition." Price alleges the District Court's bias in this case "inexorably produced a malicious, if subtle, structural deformity that prejudiced this petitioner [Price]." (*Id.* at

[5]Price did not include page numbers in his brief, so citations to his brief are to the page numbers by our count, which does not include the cover page, table of contents, or table of citations.

12-13; see also 8.) We have considered Price's argument and conclude that his assertion of judicial bias is unsupported by the record and utterly without merit. It is a curious view that perceives an opportunity to argue without opposition as being biased against the unopposed party.

Sixth, Price alleges that "[t]he absence of state disciplinary counsel from these proceedings despite invitations by service for pleadings filed in district court and in appellate court should generate a presumption in favor of your appellant [Price] being federally reinstated." (Appellant's Br. at 13.) Price has cited no authority for that proposition and we are not aware of any. We therefore reject his argument.

## III. Conclusion

For the foregoing reasons, we will affirm the final order of the District Court.