DELL INC., Plaintiff–Appellee,

v.

COMPUDIRECT, INC. and Igor Abramovsky, Defendants–Appellants.

No. 07–5770–cv.

United States Court of Appeals, Second Circuit.

March 19, 2009.

Alek El–Kamhawy, Raslan, El–Kamhawy & Pla, LLC, Cleveland, OH, for Defendants–Appellants.

Doreen L. Costa, Baker Botts LLP, New York, NY, for Plaintiff–Appellee.

Present: Hon. JOSEPH M. McLAUGHLIN, Hon. RICHARD C. WESLEY, Circuit Judges, and Hon. LEONARD B. SAND,* District Judge.

**SUMMARY ORDER**

Compudirect, Inc. and Igor Abramovsky (collectively, "Compudirect") appeal the orders of the United States District Court for the Southern District of New York (Preska, *J.*), entered on December 10, 2007 and December 19, 2007, granting the motion of Dell, Inc. ("Dell") to issue a civil contempt order against Compudirect and reaffirming that contempt order, respectively. On September 14, 2007, as a result of Dell's complaint against Compudirect for copyright and trademark infringement, 17 U.S.C. §§ 101–1332 and 15 U.S.C. §§ 1051–1141n, respectively, and state counterfeiting, unfair competition, dilution, and fraud violations, the parties executed a consent judgment in which Compudirect was enjoined from, among other things: (1) purchasing, marketing,

---

* The Honorable Leonard B. Sand, Judge of the United States District Court for the Southern District of New York, sitting by designation.

or selling Dell products and (2) infringing on Dell's copyrighted works or trademarks. The consent judgment also required that Compudirect provide Dell with a list of Compudirect's inventory of Dell products, contact information used by Compudirect to purchase Dell products, a list of customers to whom Compudirect sold Dell products, and $300,000 within ten days of filing of the consent judgment "as partial reimbursement for damages suffered and costs and fees." In addition, the consent judgment stated that Dell "recover $250,000 in liquidated damages for past infringement."

On October 31, 2007, Dell filed a motion for contempt of the consent judgment claiming: (1) it had made shipments to aliases of Compudirect after the consent decree was executed and these goods were not included in Compudirect's inventory list and were not returned to Dell by Compudirect; (2) according to a private investigator Dell hired, William L. Staugh, Compudirect: (a) "surreptitiously" removed Dell products from Compudirect's warehouse at 3465 Lost Nation Road, Unit 6, Willoughby, OH ("Lost Nation location"), (b) transported the products using a rental van supplied by Avis Budget Group, Inc. ("Budget"), and (c) did not include these products in Compudirect's inventory list; and (3) Compudirect had failed to file timely proof of compliance with the consent judgment.

On November 29, 2007, Dell filed declarations to supplement its allegations that Compudirect had failed to comply with the consent decree, alleging that Compudirect had sold Dell products on eBay.com under the usernames "liberator4sale" and "Computez N Dreamz." Compudirect requested twenty days to respond to these facts. The district court denied Comudirect's request and ordered Compudirect to "fax in papers responding to the supplemental material" by December 4, 2007.

On December 10, 2007, the district court found Compudirect in contempt of the consent judgment. The district court ordered Compudirect pay $250,000 in liquidated damages within thirty days of the order. On December 19, 2007, after again concluding that Compudirect had failed to comply with the terms of the consent judgment, the district court ordered Compudirect pay $92,812.66 in attorney fees and costs.

Compudirect appeals claiming that the district court erred in finding Compudirect in contempt and that the district court denied Compudirect due process under the Fifth Amendment by failing to provide Compudirect ten days under United States District Court for the Southern District of New York Local Rule 6.1(b) to respond to Dell's November 29, 2007 factual allegations used by the district court to find Compudirect in contempt. We assume the parties' familiarity as to the facts, the procedural context, and the specification of appellate issues.

"This Court reviews the district court's finding of contempt for abuse of discretion. However, review of a contempt order is more exacting than under the ordinary abuse-of-discretion standard because a district court's contempt power is narrowly circumscribed." *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Tech., Inc.*, 369 F.3d 645, 655 (2d Cir.2004) (internal quotation marks and citation omitted). "A party may be held in civil contempt for failure to comply with a court order if (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner. It need not be established that the violation was willful." *Id.* (internal quotation marks and citation omitted).

Compudirect claims that the proof of Compudirect's noncompliance after September 14, 2007 was not clear and convincing. However, there is clear and convincing evidence from the record that Compudirect violated the consent judgment by ordering Dell products under aliases, removing Dell products from the Lost Nation location, and attempting to sell Dell products on eBay.com under alias usernames Liberator4sale and Computerz N Dreamz. First, Dell provided documentation of shipping Dell products to Compudirect's address to replace allegedly damaged products. Second, Dell provided undisputed evidence that the contact email address for both the liberator4sale and Computerz N Dreams eBay.com usernames is ebaysales@compudirect.com, which is associated with Compudirect's website, compudirect.com. Also, consumers purchasing goods from liberator4sale and Computerz N Dreamz were asked to return goods to Compudirect, and Compudirect's address and phone number was listed for this purpose.

Regarding the claim that Compudirect attempted to remove Dell products from the Lost Nation location, the record demonstrates that Compudirect was operating out of the Lost Nation location, despite Compudirect's claims to the contrary, because Compudirect was still accepting Dell products from the Lost Nation location through an alias of Abramovsky. Also, Staugh's declaration provides undisputed evidence that a Budget truck was seen being loaded with boxes from the Lost Nation location on September 14, 2007. Given this evidence, the district court did not abuse its discretion in finding Compudirect in civil contempt for violating the consent judgment of September 14, 2007.

Also, we find no due process violation on the part of the district court. "[U]nless otherwise ordered by the court in an individual rule or in a direction in a particular case ... any opposing affidavits and answering memoranda shall be served ... within ten business days after service of ... moving papers" in support of a motion filed in the United States District Court for the Southern District of New York. S.D.N.Y. R. 6.1(b). This Court "accord[s] substantial deference to a district court's interpretation of its own local rules" but considers any errors of law to be an abuse of discretion. *In re Kandekore*, 460 F.3d 276, 278 (2d Cir.2006).

By the terms of Rule 6.1(b), the district court has discretion to, in an individual case, modify a particular rule. Therefore, the district court did not abuse its discretion in shortening the length of time Compudirect had to respond to Dell's supplemental declarations to four days, especially considering the declarations were not in and of themselves a new motion but only added an additional justification for the contempt order.

Accordingly, for the reasons set forth above, the orders of the district court are AFFIRMED.