12-2261-cr
United States v. Rom

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of June, two thousand thirteen.

PRESENT:

JON O. NEWMAN,
AMALYA L. KEARSE,
DEBRA ANN LIVINGSTON,

> *Circuit Judges.*

───────────────────────────────────────

UNITED STATES OF AMERICA,

> *Appellee,*

> -v.-                                    No. 12-2261-cr

JOHN ROM,

> *Defendant-Appellant.*

───────────────────────────────────────

> BARCLAY T. JOHNSON, Research & Writing Attorney (MICHAEL L. DESAUTELS *on the brief*), Office of the Federal Public Defender, District of Vermont, Burlington, Vermont *for Defendant-Appellant.*

> PAUL J. VAN DE GRAAF, Assistant United States Attorney (HEATHER E. ROSS, GREGORY L. WAPLES *on the brief) for* TRISTRAM J. COFFIN, United States Attorney for the District of Vermont, Burlington, Vermont *for Appellee.*

1

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the order of the district court is **AFFIRMED**.

Defendant-Appellant John Rom ("Rom") appeals from a judgment of conviction, entered May 21, 2012, in the United States District Court for the District of Vermont (Sessions, *J.*). Following a four-day trial, a jury found Rom guilty of one count of conspiracy to commit immigration fraud in violation of 18 U.S.C. § 371 and one count of making a false statement on a document required by immigration laws in violation of 18 U.S.C. § 1546.[1]  On appeal, Rom argues: (1) that the district court erred in admitting late-disclosed bank records in alleged violation of Federal Rule of Criminal Procedure 16, Local Criminal Rule 16(h), and Federal Rule of Evidence 902(11); (2) that the district court erred in excluding non-certified records of motor vehicle transfers; (3) that the government suppressed material evidence of motor vehicle transfers in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (4) that the district court erred in permitting the jury to view during deliberations two summary charts that had not been admitted into evidence; and (5) that, even if the errors considered individually were harmless, their cumulative weight necessitates reversal. Because we find no reversible error in the district court's rulings, we affirm.

We review a district court's evidentiary rulings deferentially and will reverse only for abuse of discretion. *United States v. Quinones*, 511 F.3d 289, 307-08 (2d Cir. 2007). "A district court abuses its discretion when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range

---

[1]The jury acquitted Rom as to a substantive count charging him with violating 18 U.S.C. § 1546 and 18 U.S.C. § 2.

of permissible decisions." *United States v. Dupree*, 706 F.3d 131, 135 (2d Cir. 2013) (internal

quotation marks and citation omitted). We assume the parties' familiarity with the underlying facts,

procedural history of the case, and issues on appeal, which we reference only as necessary to explain

our decision to affirm.

1. Bank Records

Rom argues first that the district court abused its discretion in admitting seven pages of

redacted records from a checking account in Rom's name and a joint savings account he shared with

his ex-wife because the government's late disclosure of the records—two days before trial, but only

one day after the government received the records—violated Federal Rule of Criminal Procedure

16, Local Criminal Rule 16(h), and Federal Rule of Evidence 902(11). We disagree.

Neither Rule 16 nor Local Rule 16(h) bars the introduction of evidence that is discovered

only shortly before or even during trial, but is promptly disclosed. Rule 16 provides in relevant part:

> (a)(1)(E) Upon a defendant's request, the government must permit the defendant to
> inspect and to copy or photograph books, papers, documents, data, photographs,
> tangible objects, buildings or places, or copies or portions of any of these items, if the
> item is within the government's possession, custody, or control and:
>   (i) the item is material to preparing the defense;
>   (ii) the government intends to use the item in its case-in-chief at trial; or
>   (iii) the item was obtained from or belongs to the defendant.
> ….
> (c) Continuing Duty to Disclose. A party who discovers additional evidence or
> material before or during trial must promptly disclose its existence to the other party
> or the court if:
>   (1) the evidence or material is subject to discovery or inspection under this rule; and
>   (2) the other party previously requested, or the court ordered, its production.

Fed. R. Crim. P. 16(a)(1)(E), (c). If the government fails to comply with Rule 16, "the district court

has broad discretion to determine what remedial action, if any, is appropriate." *United States v.*

*Miller*, 116 F.3d 641, 681 (2d Cir. 1997); *see* Fed. R. Crim. P. 16(d)(2) (providing that court

"may . . . order [the government] to permit the discovery or inspection; . . . grant a continuance; . . . prohibit [the government] from introducing the undisclosed evidence; or . . . enter any other order that is just under the circumstances"). A district court's determination "will not be set aside absent abuse of discretion," and reversal is warranted only "if the nondisclosure results in substantial prejudice to the defendant." *Miller*, 116 F.3d at 681 (internal quotation marks and citation omitted). Here, the government did not receive Rom's bank records from Bank of America until the afternoon of Friday, January 20, and it promptly disclosed the records to defense counsel the next day in compliance with Rule 16(c). Moreover, the district court mitigated any prejudice by limiting the admission to seven pages, requiring an offer of proof from the government, redacting references to Rom's casino expenditures, and delaying the admission of the evidence until Thursday, January 26. Under these circumstances, the district court did not abuse its discretion in admitting the evidence.

Similarly, District of Vermont Local Criminal Rule 16(h) provides Rom no relief. Under that rule, "counsel for each party must exchange and file with the court: . . . a proposed exhibit list" within three days of the trial date. D. Vt. L.Cr.R. 16(h). According "substantial deference to [the] district court's interpretation of its own local rules," *In re Kandekore*, 460 F.3d 276, 278 (2d Cir. 2006), we conclude there is no basis for disturbing its determination that the local rules did not require exclusion of the bank records. On its face, Local Rule 16(h) does not cover the disclosure of late-discovered evidence, makes no provision for the exclusion of such evidence, and requires only a *proposed* exhibit list, thus leaving open the possibility that the parties can introduce new evidence that was only discovered after the list was constructed.

The reasonable notice requirement of Federal Rule of Evidence 902(11) does not change this analysis. That rule provides that a domestic business record that meets the requirements of Rule

4

803(6)(A)-(C) is self-authenticating if accompanied "by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court." Fed. R. Evid. 902(11). Thus, "Rule 902(11) extends Rule 803(6) 'by allowing a written foundation in lieu of an oral one.'" 5 Weinstein's Federal Evidence § 902.13[1] (2d ed. 2008) (quoting *United States v. Adefehinti*, 510 F.3d 319, 325 (D.C. Cir. 2007)). If a party seeks to certify a business record pursuant to Rule 902(11) rather than by providing live testimony pursuant to Rule 803(6)(D), it "must give an adverse party reasonable written notice of the intent to offer the record—and must make the record and certification available for inspection—so that the party has a fair opportunity to challenge them." Fed. R. Evid. 902(11). This notice requirement "is intended to give the opponent of the evidence a full opportunity to test the adequacy of the foundation set forth in the declaration." Fed. R. Evid. 902(11) advisory committee's note. Here, Rom had five full days between when the government disclosed the records and when the records were admitted into evidence, which was sufficient time to verify the records' certification with his own bank. In those five days, Rom raised no concerns that the bank records were improperly certified or that the foundation was otherwise improper.

2. Evidence of Motor Vehicle Transfers

Rom next argues that the district court erred in excluding uncertified evidence from a database search of the Massachusetts Registry of Motor Vehicles showing transfers of vehicle titles to and from Rom. The bank records introduced by the government reflected several withdrawals from an ATM in Lowell, Massachusetts, in February, March, and April 2007, which the government alleged corroborated the testimony of a cooperating witness that Rom met with her at a nearby McDonald's during this period to provide her with cash for travel to Cambodia in furtherance of the

5

immigration fraud scheme. The government similarly argued that large cash deposits into the accounts in late May and early June were the proceeds of the fraud. Rom contends (1) that the evidence of title transfers during this period was relevant because it increased the probability that his bank transactions had a non-fraudulent explanation, *see* Fed. R. Evid. 401, and (2) that the evidence was admissible under the residual hearsay exception, *see* Fed. R. Evid. 807. Assuming *arguendo* that the evidence was relevant, we conclude that it was not plain error for the district court to exclude the evidence as inadmissible hearsay.[2]

A hearsay statement may be admitted under the residual exception if (1) it has "equivalent circumstantial guarantees of trustworthiness" as hearsay admissible under Rules 803 and 804; (2) "it is offered as evidence of a material fact"; (3) "it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts;" and (4) "admitting it will best serve the purposes of these rules and the interests of justice." Fed. R. Evid. 807(a). Here, the database search evidence lacks the requisite circumstantial guarantees of trustworthiness. The database evidence contained no certification, and the person who conducted the database search, Alicia Hutton, was neither affiliated with the Massachusetts Registry of Motor Vehicles nor available for cross-examination. Rather, the only person who testified about the evidence, Kevin Ridgley, was a defense investigator who merely instructed Hutton over the phone on how to perform and collate multiple searches of the Registry. Given this meager foundation, the

---

[2] Rom argued before the district court only that the database search evidence was admissible under the business records exception, *see* Fed. R. Evid. 803(6)—an argument he has abandoned on appeal—and argues for the first time here that the evidence is admissible under the residual hearsay exception, *see* Fed. R. Evid. 807. Thus, his claim is subject to plain error review. *See* Fed. R. Evid. 103(e); Fed. R. Crim. P. 52(b); *see also Puckett v. United States*, 556 U.S. 129, 135 (2009).

district court did not err, much less plainly err, in excluding the proffered evidence as inadmissible hearsay.

3. *Brady* Claim

Rom next argues that a new trial is warranted because the government violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to produce certified records from the Massachusetts Registry of Motor Vehicles showing transfers of car titles to and from Rom from 2006 to 2009. We disagree.

Under *Brady*, the government must disclose any material exculpatory or impeachment evidence to the defendant. *Id*. at 87-88; *see also Giglio v. United States*, 405 U.S. 150, 154-55 (1972). To establish a *Brady* violation, a "defendant must show that: (1) the [g]overnment, either willfully or inadvertently, suppressed evidence; (2) the evidence at issue is favorable to the defendant; and (3) the failure to disclose this evidence resulted in prejudice." *United States v. Coppa*, 267 F.3d 132, 140 (2d Cir. 2001). "[N]o *Brady* violation occurs if the defendant knew or should have known the essential facts permitting him to take advantage of any exculpatory evidence." *United States v. Gaggi*, 811 F.2d 47, 59 (2d Cir. 1987).

Here, Rom knew about the allegedly exculpatory evidence because a government witness explained in open court that he had reviewed records from the Registry of Motor Vehicles for the relevant time period and had found no record of a car being sold by Rom during that period that could explain the cash deposits. Thus, because Rom "knew, or should have known, of the essential facts permitting him to take advantage" of the evidence, the government did not suppress the evidence, and the *Brady* claim fails. *United States v. Paulino*, 445 F.3d 211, 225 (2d Cir. 2006) (internal quotation marks and citation omitted). Moreover, even if Rom was not on notice of the

7

essential facts or was not able to take advantage of the evidence, his claim still fails because the evidence was not exculpatory. *See United States v. Payne*, 63 F.3d 1200, 1209 (2d Cir. 1995) (noting that "[t]he government's *Brady* obligation to disclose extends only to *favorable* evidence that is material" (emphasis added)). As the government witness testified, the records reveal no transfer of title in May or June 2007 that could account for the unexplained cash deposits Rom made following his return from Cambodia. And to the extent Rom argues that the records establish generally that he engaged in a side business of buying, repairing, and selling cars, government witnesses admitted as much at trial, and the government did not dispute this point.

4. Summary Charts

Rom next argues that the district court erred in permitting the jury to consult during deliberations two charts that summarized properly admitted data, but which were not admitted into evidence themselves. We conclude, however, that any error was harmless.

We have previously indicated that a district court may, in its discretion, permit the use of summary devices not admitted into evidence as aids during summation, *see United States v. Reyes*, 157 F.3d 949, 955 (2d Cir. 1998), or allow "properly admitted summary charts into the jury room during deliberations," *United States v. Pinto*, 850 F.2d 927, 935 (2d Cir. 1988). *See also* 6 Weinstein's Federal Evidence § 1006.04[2] (2d ed. 2008) (distinguishing between summaries admitted pursuant to Federal Rule of Evidence 1006 and pedagogical-device summaries which are not admitted as evidence). We have held that if a district court permits a jury to consider during deliberations charts similar to those at issue here, it should "properly instruct[] the jury that it is not to consider the charts as evidence." *United States v. Casamento*, 887 F.2d 1141, 1151 (2d Cir. 1989); *cf. United States v. Yousef*, 327 F.3d 56, 157-58 (2d Cir. 2003) (holding that limiting instruction

8

cured any possible prejudice caused by use of charts highlighting telephone call patterns). While the district court did not instruct the jury here and mistakenly assumed that the charts had been admitted pursuant to Rule 1006, the charts relied on properly admitted data and were possibly admissible themselves under Rule 1006. Moreover, Rom made no objection to the government's use of the charts during its case-in-chief**;** the government witnesses explained to the jury how the charts were constructed from the underlying data; and there is no indication that the charts contained any errors or that the jury was unable either to grasp the charts' methodology or to differentiate between the utility of the charts and the reliability of the underlying data. Given these facts, and the ample evidence supporting the jury verdict, we conclude that any error was harmless. *Cf. United States v. Conlin*, 551 F.2d 534, 539 (2d Cir. 1979) (concluding that error from improper use of summary chart was harmless where evidence of guilt was overwhelming and acquittal on five of thirteen charges indicated defendant was not prejudiced by use of chart).

We have reviewed Rom's remaining arguments, including that the cumulative weight of any errors requires reversal, and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

9