16-3267-cv
Grievance Committee v. Grimm

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of June, two thousand seventeen.

PRESENT:   BARRINGTON D. PARKER,
                      CHRISTOPHER F. DRONEY,*
                                  *Circuit Judges.*

---------------------------------------------------------------------

GRIEVANCE COMMITTEE OF THE SOUTHERN DISTRICT OF NEW YORK,

                          *Petitioner-Appellee*,


                  v.                                                        No. 16-3267-cv


MICHAEL G. GRIMM,

                          *Respondent-Appellant.*

---------------------------------------------------------------------

  FOR RESPONDENT-APPELLANT:        Annette G. Hasapidis, Law Offices of Annette G. Hasapidis, Ridgefield, CT.


  FOR PETITIONER-APPELLEE:         Devin W. Ness, Counsel to the Grievance Committee, United States District Court for the Southern District of New York, New York, NY.

---

* Judge Wesley, a member of the original panel, subsequently recused himself.   Therefore, this case is decided by the two remaining members of the panel pursuant to Internal Operating Procedure E(b) of the Rules of the United States Court of Appeals for the Second Circuit.

Appeal from an August 22, 2016, order of the Committee on Grievances of the United States District Court for the Southern District of New York (P. Kevin Castel, *Chair, Committee on Grievances S.D.N.Y.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Appellant's motion for judicial notice is **GRANTED**, the order of the Committee on Grievances of the United States District Court for the Southern District of New York is **AFFIRMED**, and Appellee's motion for judicial notice is **DENIED AS MOOT**.

Respondent-Appellant Michael G. Grimm, an attorney, appeals from an order of the Committee on Grievances of the United States District Court for the Southern District of New York ("the Committee") striking his name from the roll of attorneys admitted to practice before that court. In support of the Committee's order, Petitioner-Appellee moves the Court to take judicial notice of the stipulated facts in support of Grimm's guilty plea in the district court and of certain previous disciplinary orders of the Committee. We assume the parties' familiarity with the underlying facts, record of prior proceedings, and issues on appeal.

On July 21, 2015, Grimm was convicted in the United States District Court for the Eastern District of New York, following a guilty plea, of one count of aiding and assisting in the preparation of false and fraudulent tax returns, in violation of 26 U.S.C. § 7206(2). On the basis of this conviction, the Committee issued an order pursuant to S.D.N.Y. Local Civil Rule 1.5(d)(1) directing that Grimm be stricken from the roll of practicing attorneys of that court unless he filed a written response showing why he should not be stricken. Grimm filed a response through counsel requesting that the Committee impose reciprocal discipline in the form of a suspension rather than striking his name from the roll, based on the New York Appellate Division's suspension of Grimm pending further order of that court and the disposition of that disciplinary proceeding against Grimm.[1] Grimm's response to the Committee also argued that suspension was a more appropriate sanction than disbarment in the circumstances. On August 22, 2016, the Committee ordered that Grimm be stricken from the roll of practicing attorneys, noting that the Committee had considered Grimm's submission and declined his request to impose a suspension instead of disbarment.

---

[1] As reflected in Grimm's motion for judicial notice filed after this appeal had been submitted for decision, the Appellate Division has since issued a decision in the disciplinary proceeding imposing a four-year *nunc pro tunc* suspension as a sanction for Grimm's misconduct. We grant Grimm's motion to take notice of the Appellate Division's order, though for the reasons explained herein, the disposition of the state proceeding does not bear on the Committee's authority to sanction Grimm on the basis of his federal conviction.

We review an original disciplinary order entered by a district court for abuse of discretion. *In re Peters*, 642 F.3d 381, 384 (2d Cir. 2011). "A district court has abused its discretion if its imposition of sanctions was based on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or cannot be located within the range of permissible decisions." *Id.* (internal quotation marks omitted). Although our review under this standard is "deferential," we must "be careful to ensure that any decision to impose sanctions is made with restraint and discretion." *Id.* (internal alterations and quotation marks omitted).

On appeal, Grimm primarily argues that the Committee's order striking his name from the roll should be vacated because: (1) he was entitled to a hearing prior to being disbarred, and (2) the Committee erred in disbarring him rather than imposing reciprocal discipline in the form of a temporary suspension. Both of these arguments fail.

Grimm's assertion that he was entitled to a hearing under S.D.N.Y. Local Civil Rule 1.5(d) misreads the text of that rule. According to subsection (1), "[i]f good cause is shown to hold an evidentiary hearing, the Committee on Grievances *may* direct such a hearing." S.D.N.Y. Local Civil Rule 1.5(d)(1) (emphasis added). The rule further provides that, "[i]f good cause is not shown to hold an evidentiary hearing, the Committee on Grievances may proceed to impose discipline or to take such other action as justice and this rule may require." *Id.* Thus, under the text of this rule, the Committee has the authority to hold a hearing *if* good cause is shown; otherwise, the Committee is permitted to impose discipline without such a hearing.

Grimm's argument that he showed good cause for the Committee to hold a hearing overlaps with his second challenge to the order, namely, that the Committee erred in declining to impose reciprocal discipline based on the Appellate Division's order of suspension. This argument conflates the Committee's authority to impose discipline on its own accord with its authority to impose reciprocal discipline on the basis of another court's already-issued disciplinary decision.

Local Rule 1.5(b)(1) explicitly states that "[d]iscipline or other relief . . . may be imposed" if it is "found by clear and convincing evidence" that "[a]ny member of the bar of this Court has been convicted of a felony or misdemeanor in any federal court . . . ." S.D.N.Y. Local Civil Rule 1.5(b)(1); *see also In re Kandekore*, 460 F.3d 276, 279 (2d Cir. 2006) (noting that S.D.N.Y. rules "state that it is a ground for discipline if an attorney has been convicted of a felony or misdemeanor"). Under this rule, the Committee may impose discipline on the basis of a federal conviction, without regard for the discipline other courts may decide to impose in connection with that conviction. *See Matter of Jacobs*, 44 F.3d 84, 87 (2d Cir. 1994) ("A district court's authority to discipline attorneys admitted to appear before it is a well-recognized inherent power of the court.").

3

This disciplinary authority of the Committee is separate and apart from its authority to impose "reciprocal discipline," which we have defined as "disbarment or suspension summarily imposed after some other court has taken such action based on a plenary inquiry." *In re Edelstein*, 214 F.3d 127, 128 (2d Cir. 2000). Grimm's reliance on the Committee's practices with respect to reciprocal discipline is therefore misplaced.

Grimm does not dispute that he has been convicted of a federal felony offense, nor does he dispute that he was provided notice and an opportunity to respond in writing as required by Local Rule 1.5(d). In light of these facts, we conclude that the Committee did not abuse its discretion in striking Grimm's name from the roll of practicing attorneys on the basis of Grimm's 2015 conviction. We also conclude that Grimm received all the process he was due because there is "no evidence suggesting any appreciable risk that without an evidentiary hearing [Grimm] might be erroneously deprived of his interest in practicing law." *Jacobs*, 44 F.3d at 91. Because we reach these conclusions without consulting the documents that are the subject of the Committee's motion for judicial notice, that motion is denied as moot.

We have considered Grimm's remaining arguments and conclude that they are without merit. Accordingly, we **GRANT** Grimm's motion for judicial notice, **AFFIRM** the order of the Committee, and **DENY AS MOOT** the Committee's motion for judicial notice.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4