19-166-cv
In re: James M. Kernan

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of November, two thousand nineteen.

PRESENT: PIERRE N. LEVAL,
RAYMOND J. LOHIER, JR.,
RICHARD J. SULLIVAN,
*Circuit Judges*.

-----------------------------------------------------------------

IN RE: JAMES M. KERNAN

-----------------------------------------------------------------

JAMES M. KERNAN, ESQ.,

*Appellant*,

v.                                                              No. 19-166

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK,

*Appellee*.

------------------------------------------------------------------

FOR APPELLANT:                          FRANK POLICELLI, Law Office
                                        of Frank Policelli, Utica, NY.

FOR APPELLEE:                           No Appearance.

Appeal from an order of the United States District Court for the Northern District of New York (Frederick J. Scullin, Jr., *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the case is REMANDED for further proceedings consistent with this order.

James M. Kernan, an attorney, appeals from an order of the District Court (Scullin, <u>J.</u>) vacating its prior order granting his application for admission to the bar of the Northern District of New York (NDNY) and ordering the NDNY Clerk of Court to remove him from the membership roll of the NDNY bar. On appeal, Kernan argues that the District Court's order did not comply with NDNY Local Rule 83.4(b) because the District Court did not have evidence that his judgment of conviction became final, that the order denied him due process, that the District Court erroneously interpreted Local Rule 83.4(b) as an absolute bar to his

2

readmission, and that he has already been sufficiently punished for his previous criminal conviction. We assume familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to remand.

Kernan argues that the District Court erred in its interpretation of Local Rule 83.4(b), and that the rule did not require the District Court to deny his application. Rule 83.4(b) provides that "upon the judgment of conviction becoming final," any member of the bar who is convicted of a felony "shall cease to be a member of the bar of this Court." N.D.N.Y. L.R. 83.4(b). The District Court stated that this rule "prohibited" it from granting Kernan's application. App'x 1. Although "we accord substantial deference to a district court's interpretation of its own local rules," In re Kandekore, 460 F.3d 276, 278 (2d Cir. 2006), we think that, without further explanation, it is unclear from this statement whether the District Court actually analyzed the text of the relevant local rules. In so concluding, we note that on one hand Local Rule 83.1(a) provides that a member in good standing of New York state courts, the highest state court where the individual resides, or any United States District Court,

"whose professional character is good," may be permanently admitted to practice in the NDNY. N.D.N.Y. L.R. 83.1(a). The text of this rule does not explicitly exclude applications from attorneys who have been disbarred under Rule 83.4(b) from its scope, nor does it state that attorneys who have a prior felony conviction are ineligible for admission or readmission. Moreover, Rule 83.4(b), on its face, requires the disbarment of a "member of the bar . . . who is convicted of a felony," and does not explicitly address applicants who have prior felony convictions. It is thus possible to interpret the local rules to permit Kernan's admission after an individualized assessment of his "professional character," which would include consideration of his prior felony conviction.

On the other hand, the local rules do not provide a specific procedure for readmission after disbarment under Local Rule 83.4(b). Further, that rule does not state that attorneys must be disbarred only if the felony conviction occurs after their admission to the NDNY bar is granted. Even if Kernan were admitted, then, it is possible to interpret this rule to require him to again be disbarred. In effect, this interpretation would create a per se rule that attorneys with prior felony convictions inherently lack good professional character under

4

Rule 83.1(a) and are therefore not eligible for admission or readmission. We do not express a view on the merits of these competing interpretations, but only note that we cannot conclude that the District Court considered them in light of its order.

Under these circumstances, we remand pursuant to the procedure set out in United States v. Jacobson, 15 F.3d 19, 21–22 (2d Cir. 1994), so that the District Court may consider and provide a reasoned explanation as to whether its local rules require it to deny Kernan's application without any individualized assessment. If the District Court determines that an individualized assessment is required, it should perform such an assessment, while providing Kernan an opportunity to be heard.

For the foregoing reasons, the case is REMANDED to the District Court for further proceedings consistent with this order. Kernan may then restore jurisdiction to this Court within 30 days of the entry of a final order by letter to the Clerk's Office (attaching a copy of the relevant order) advising the Clerk that the appeal should be reinstated. In that event, no new notice of appeal or additional filing fee will be required. Any reinstated appeal will be assigned to

this panel.   Because we remand this case, we do not address Kernan's other

challenges to the District Court's order in this appeal.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court