S93Y1886. IN THE MATTER OF W. KENT BISHOP.
(442 SE2d 734)

PER CURIAM.

In 1991, two separate disciplinary proceedings were commenced against W. Kent Bishop. On January 3, 1992, the State Bar mailed two Notices of Investigation regarding these actions via certified mail to Bishop's address at 305 Buckhead Avenue. This address was the address of record with the State Bar. The post office subsequently, pursuant to a change of address notice which Bishop submitted six months earlier, forwarded the Notices of Investigation to Bishop's post office box (a box which Bishop had shared with his parents for years). The post office left two separate notices in Bishop's box regarding the certified mail on two different occasions — January 7, and again on January 13, 1992. After Bishop failed to retrieve the mail, the post office returned the Notices of Investigation to the State Bar.

On January 30, 1992, the State Bar learned via an investigator that Bishop had been evicted from his office at 305 Buckhead Avenue. The State Bar subsequently attempted personal service on Bishop at this address; however, on March 31, 1992, the Sheriff of Fulton County returned service non est inventus. On April 8, 1992, the State

Bar mailed service copies of the Notices of Investigation via registered mail to the same address; the post office subsequently returned the mail to the State Bar.

The Investigative Panel then met and voted to issue a Notice of Discipline requesting the disbarment of Bishop for the numerous instances of misconduct set forth in the Notices of Investigation. The Fulton County Sheriff attempted to serve the Notices at the 305 Buckhead Avenue address, however, service was unsuccessful.

On July 2, 1992, the State Bar sent the Notices of Discipline via registered mail to the 305 Buckhead Avenue address. The mail was, as previously, forwarded to Bishop's post office box, but subsequently returned to the State Bar "unclaimed." Pursuant to Bar Rule 4-208.1 et seq. (notice of discipline), the Investigative Panel recommended to this Court that Bishop be disbarred from the practice of law in Georgia. This Court ordered the disbarment.

Bishop, after learning of his disbarment in the Fulton County Daily Report, objected, arguing, inter alia, lack of service. This Court then appointed a special master to determine whether Bishop had been properly served.

At the hearing before the special master, two post office employees testified that notices for registered mail packages were customarily placed in patrons' mailboxes, and that such notice was placed in Bishop's box on July 3, 1992. Additional testimony at the hearing indicated that Bishop had not claimed a registered mail package sent by an opposing counsel in a separate case. Also, supporting testimony indicated that Bishop did not know of the disciplinary proceedings or of his disbarment until he read it in the Fulton County Daily Report.

The special master found that the State Bar complied fully with the requirements of notice under Bar Rule 4-204.2. The special master, however, further found that Bishop did not have actual knowledge of the disciplinary proceedings against him or of his disbarment, and that he had not been afforded due process of law. The special master thus recommended that Bishop's disbarment be set aside and that he be allowed to address the underlying charges against him. The review panel agrees and moves this Court likewise.

After considering the record in this case, this Court does not adopt the recommendation of the review panel.

This Court finds that Bishop was properly served with the Notices and that he was afforded due process of law. Bishop was served at the address which he listed with the membership department of the State Bar. He failed to inform the State Bar of his new address, and thus the State Bar was authorized to rely on the address of record in the membership department.

The record reflects that at least six notices were placed in Bishop's post office box arising out of these disciplinary matters.

Bishop admits that his post office box was his official address; that he checked the box at least three times a week; that he was aware that two grievances against him were under investigation; and, that he had received no notice that the grievances had been dismissed or resolved. These facts, together with the other evidence pertaining to Bishop's pattern of failing to claim registered mail, are sufficient to form the basis of a reasonable inference that Bishop knew the nature of the correspondence and deliberately ignored the notices. Under such circumstances, he must accept responsibility for the decision to ignore the mailings.

Consequently, we hereby order that Bishop is disbarred from the practice of law in Georgia, and is reminded of his duties under Bar Rule 4-219 (c) to timely notify all clients of his inability to represent them, to take all actions necessary to protect the interest of his clients, and to certify to this Court that he has satisfied the requirements of such rule.

*All the Justices concur, except Hunt, C. J., Sears-Collins and Carley, JJ., who dissent.*

DECIDED APRIL 18, 1994 —
RECONSIDERATIONS DENIED MAY 13, 1994
AND DISMISSED JUNE 6, 1994.

*William P. Smith III, General Counsel State Bar, Jeffrey R. Davis, Assistant General Counsel State Bar,* for State Bar of Georgia.

*Rogers & Hardin, C. B. Rogers,* for Bishop.