In re Theodore H. FRIEDMAN.

**GRIEVANCE COMMITTEE FOR the SOUTHERN DISTRICT OF NEW YORK, Petitioner–Appellee,**

v.

**Theodore H. FRIEDMAN, Respondent–Appellant.**

**No. 975, Docket 94–7671.**

United States Court of Appeals, Second Circuit.

Argued March 15, 1995.

Décided March 28, 1995.

Marvin E. Frankel, Kramer, Levin, Naftalis, Nessen, Kamen & Frankel, New York City, for respondent-appellant.

Daniel L. Brockett, Squire, Sanders & Dempsey, New York City (Hal R. Lieberman, Chief Counsel, Departmental Disciplinary Committee of Appellate Div., First Dept., New York City), for petitioner-appellee.

Before: MESKILL, CARDAMONE, and ALTIMARI, Circuit Judges.

PER CURIAM:

Respondent-appellant Theodore H. Friedman appeals from an Order entered in the United States District Court for the Southern District of New York (Patterson, J.), suspending him from practice in the Southern District until such time as he is reinstated to practice in the state courts of New York.

### Background

Friedman was disbarred from practice in the state courts by order of the New York Appellate Division, First Department, after lengthy disciplinary hearings culminating in the finding, by a Special Referee, that he had engaged in professional misconduct. As a result, Judge Patterson, as Chairman of the Southern District Grievance Committee, entered an Order to Show Cause on April 4, 1994, directing respondent to demonstrate why reciprocal discipline should not be imposed pursuant to Southern District General Rule 4(d). The order gave Friedman thirty days in which to respond. On the thirtieth day, his counsel wrote to the district court asking for a stay of federal disciplinary proceedings, pending the outcome of his request for leave to appeal to the New York Court of Appeals. In his letter, counsel also advanced two substantive arguments in opposition to

the suggestion that reciprocal discipline would be appropriate.

The first of these arguments was that the federal courts were constitutionally required to employ a higher standard of proof of misconduct in disbarment proceedings than that employed by the New York courts. New York requires proof by a preponderance of the evidence. The second argument rested on preclusion principles. We summarize the facts upon which the preclusion theory was based.

In the early 1980s, Friedman tried a personal injury case in the Southern District of New York before then-district Judge Leval. After the jury returned a verdict for Friedman's client, it was discovered that an unreceived exhibit had made its way into the jury room. Friedman submitted an affidavit to the district court in which he laid the blame on co-counsel who, because he was out of the country at the time, was unaware of the post-verdict proceedings. Following a hearing at which he heard testimony, Judge Leval published an opinion in which he found that respondent had willfully tampered with the evidence. See Red Star Towing & Transp. Co. v. "Ming Giant", 552 F.Supp. 367, 382–85 (S.D.N.Y.1982), modified on other grounds, 563 F.Supp. 224 (S.D.N.Y.1983).

Respondent was subsequently charged with four counts of professional misconduct by a panel appointed by the Committee on Grievances of the Board of Judges of the Southern District of New York to investigate the matter. Pursuant to an agreement, respondent admitted to having filed a false and misleading affidavit. In exchange, the Committee agreed to drop the other charges. In a letter of censure, the Honorable Vincent L. Broderick noted that the remaining three charges had not been the subject of any findings and said, "[w]e recognize, of course, that given the admission to the second charge in lieu of a full hearing on all the charges, those other charges may not be the basis of other proceedings against you." Letter of Hon. Vincent L. Broderick, June 23, 1986. [J.App. at 115.]

The Appellate Division, First Department conducted an independent review of the matter when the same conduct was made the basis of the six counts of wrongdoing referred to its Departmental Disciplinary Committee. All but one count was found to have been established by a fair preponderance of the evidence by the Honorable Donald J. Sullivan, Special Referee. The Special Referee contemporaneously addressed misconduct charges flowing from two other personal injury cases. A total of fourteen charges were sustained by the Special Referee, including the charge of submitting a false affidavit to the federal bench. The Special Referee recommended a suspension of two years as a sanction for Friedman's conduct. Confirming all but one of the Special Referee's findings, the Appellate Division rejected the proposed sanction as too lenient. In re Friedman, 196 A.D.2d 280, 609 N.Y.S.2d 578 (1st Dep't 1994) (per curiam). Accordingly, it disbarred him from the practice of law in the state of New York.

After directing Friedman to show cause why reciprocal discipline was inappropriate and after receiving two letter submissions in response, Judge Patterson disbarred him from practice in the Southern District by Order dated May 26, 1994.

Since then, the New York Court of Appeals has dismissed his appeal on the ground that no constitutional issue was presented, 83 N.Y.2d 888, 635 N.E.2d 295, 613 N.Y.S.2d 126 (1994), and the United States Supreme Court has denied his petition for a writ of certiorari, —— U.S. ——, 115 S.Ct. 81, 130 L.Ed.2d 34 (1994). Furthermore, the Supreme Court has recently disbarred respondent from practice before it, —— U.S. ——, 115 S.Ct. 629, 130 L.Ed.2d 536 (1994), as a result of the same charges underlying the appealed-from district court Order, see —— U.S. ——, 115 S.Ct. 48, 130 L.Ed.2d 9 (1994) (mem.). In addition, the Appellate Division, First Department effectively denied a motion for reargument that, unbeknownst to Judge Patterson, was pending at the time the district court issued the Order of disbarment. See Order of the First Dep't, M–1814. [J.App. at 28.]

### Discussion

Friedman claims on appeal that he was denied due process in two ways. He first

urges that the district court's order of suspension was premature because he was not afforded a hearing; he also argues that the district court erred in accepting a state court disbarment order based on proof established by a preponderance of the evidence. Finally, Friedman makes the preclusion argument recited above. We reject these contentions.

We first note that Friedman elected to respond to the district court's show cause Order by seeking, on the thirtieth day, a stay. However, his letter submissions contained the substance of reasoned arguments in opposition to the suggestion of disbarment. Further, a copy of the memorandum submitted on Friedman's behalf to the New York Court of Appeals, setting forth his constitutional arguments, was attached to the first of the letters. It is accordingly apparent that these arguments were before the district court when it made its decision. The district court was also possessed of the knowledge that the New York Court of Appeals had dismissed the direct appeal. Even if the district court had not been apprised of Friedman's theories, however, this Court would not be inclined to intervene. Respondent's approach to the district court's Order to Show Cause was, in essence, a demand for an extension of time which the district court was in no way obligated to grant.

■ The district court is required to "examine the state proceeding for consistency with the requirements of due process, adequacy of proof and absence of any indication that imposing discipline would result in grave injustice." *In re Jacobs*, 44 F.3d 84, 88 (2d Cir.1994) (citing *Selling v. Radford*, 243 U.S. 46, 51, 37 S.Ct. 377, 379, 61 L.Ed. 585 (1917)). Friedman reasons that, because the district court did not conduct a hearing, it did not examine the state proceeding as it was bound to do. We reject this premise. The district court had before it the relevant facts and detailed legal arguments, including those that addressed New York's alleged constitutional inadequacies. Despite Friedman's insistence, the Southern District rules do not require a hearing. Rather, they require the "opportunity to be heard." Local Rule 4(d), (g); *see also In Re Jacobs*, 44 F.3d at 90.

■ As *Selling* makes clear, it was Friedman's burden to demonstrate by clear and convincing evidence that, in this case, the New York procedures were wanting. Friedman was represented by counsel throughout lengthy hearings in which he was able to call his own witnesses, cross-examine and submit legal memoranda and proposed findings of fact. The district court's implicit conclusion that Friedman failed to carry his burden is not erroneous. We find persuasive on this point that the United States Supreme Court, following precisely the procedures employed by the Southern District, has also disbarred Friedman, and implicitly rejected Friedman's claim that the preponderance of the evidence standard of proof deprived him of due process. We thus join the several courts that have already rejected Friedman's constitutional argument.

We also reject the preclusion argument. Were the *Red Star Towing* arguments the only basis for the state court's disbarment action, and the reciprocal Southern District discipline, this argument would have more force. It is incontrovertible, however, that even absent the grave charges at issue in that proceeding, other serious and substantiated charges remained which amply justify the district court's suspension of Friedman.

### Conclusion

For these reasons, the Order of the district court is AFFIRMED.