In re Emile E. **GOUIRAN,** Respondent,

**GRIEVANCE COMMITTEE FOR the SOUTHERN DISTRICT OF NEW YORK, Petitioner–Appellee,**

v.

**Emile E. GOUIRAN, Respondent– Appellant.**

No. 1096, Docket 94–7812.

United States Court of Appeals, Second Circuit.

Argued March 27, 1995.

Decided June 28, 1995.

Mark A. Summers, New York City, for respondent-appellant.

Before: MINER and PARKER, Circuit Judges, and BAER, District Judge.*

MINER, Circuit Judge:

Respondent-appellant Emile Gouiran appeals from a July 5, 1994 order of the United States District Court for the Southern District of New York (Patterson, *Judge* and Chairman, Grievance Committee, S.D.N.Y.) striking his name from the roll of attorneys admitted to practice in the Southern District of New York. For the reasons that follow, we conclude that the district court's order fails to provide a sufficient basis upon which to evaluate the court's exercise of discretion. We therefore vacate the order and remand for further proceedings.

## BACKGROUND

On June 9, 1994, the United States District Court for the Southern District of New York issued an order directing Gouiran to show cause, within 30 days, why he should not be temporarily suspended from practice before the district court. The order indicated that the proposed discipline was based upon a temporary suspension order issued by the United States District Court for the District of New Jersey. Gouiran responded by submitting an affidavit and a memorandum of law to the district court.

In his affidavit, Gouiran explained that the disciplinary action of the New Jersey district court was taken in response to an October 8, 1992 order of the Supreme Court of New Jersey that adopted the recommendation of the New Jersey Disciplinary Review Board ("NJDRB"). *See In the Matter of Gouiran,* 130 N.J. 96, 613 A.2d 479 (1992). The NJDRB had found that Gouiran had violated state disciplinary rules by knowingly omitting pertinent information from his applica-

*The Hon. Harold Baer, Jr. of the United States District Court for the Southern District of New York, sitting by designation.

tion for bar membership. *Id.*, 613 A.2d at 482. Specifically, Gouiran had failed to disclose that his New Jersey real estate license had been revoked by the state in the early 1980s because of several instances of misconduct related to the real estate business. *See id.* at 479–82. Under New Jersey law, the failure to disclose this type of information results in revocation of the attorney's license to practice law absent "special and compelling circumstances." *Id.* at 483.

In Gouiran's case, the NJDRB found compelling circumstances militating against the immediate revocation of his license to practice law. *Id.* at 485. The board relied principally on the fact that eight years had passed since the submission of the false application without any disciplinary complaints being lodged against Gouiran. *Id.* Accordingly, a majority of the NJDRB recommended that Gouiran's license to practice law in New Jersey be revoked but that the revocation be stayed for a period of six months in order to give Gouiran the opportunity to reapply for admission to the New Jersey bar. *Id.* The recommendation of the NJDRB was adopted by the New Jersey Supreme Court in its order of October 8, 1992.

Gouiran never reapplied for admission, and his license to practice law in New Jersey was revoked permanently in an order dated February 8, 1993. *See In the Matter of Gouiran*, 131 N.J. 122, 619 A.2d 222 (1993). In his affidavit submitted to the district court, Gouiran provided his reasons for failing to reapply. First, Gouiran explained that, because he had been a permanent resident of France since 1988, he could not maintain a bona fide office in New Jersey, which he believed was a prerequisite for readmission. Gouiran also explained that he had been advised by counsel that the order revoking his license to practice law was equivalent to a resignation without prejudice to reapplication.

In his memorandum of law submitted to the district court, Gouiran, through counsel, argued that the same compelling circumstances that militated against revocation of his New Jersey license to practice law also militated against revocation of his membership in the Southern District bar. He also argued that his inability to reapply to the New Jersey bar was "not a matter within his reasonable control," and that, given his inability to reapply, the New Jersey Supreme Court had never reached the issue of his fitness to practice law.

By an order dated July 5, 1994, the district court revoked Gouiran's membership in the Southern District bar. In the order, the court first noted Gouiran's disbarment in New Jersey and the fact that Gouiran previously had been denied a license to practice law in New York. The order concluded by stating that, "[s]ince [Gouiran's] license to practice law in New Jersey has been revoked and since [Gouiran] is not admitted to practice law in New York, his license to practice in this Court is revoked and his name is stricken from the rolls." This appeal followed.

## DISCUSSION

Gouiran argues that the district court erred in failing to adequately review the substance of the New Jersey disciplinary action. This court has recognized that, "while regulation of attorney behavior should remain primarily within the discretion of each district court, ... fundamental notions of fairness" require appellate review of attorney discipline. *In the Matter of Jacobs*, 44 F.3d 84, 88 (2d Cir.1994). For this reason, we review the district court's order disbarring Gouiran for clear abuse of discretion. *Id.*

The Local Rules of the United States District Court for the Southern District of New York ("Local Rules") regulate the procedure for disciplining members of its bar. Local Rule 4(d), which governs reciprocal discipline, provides:

If it appears, after notice and opportunity to be heard, that any member of the bar of this court has been disciplined by any federal court *or by the court of any state* ..., the member may be disciplined by this court, in accordance with the provisions of paragraph (g). (emphasis added).

Paragraph (g) provides, in pertinent part:

Discipline may be imposed by this court with respect to paragraph[ ] (d) ... unless the member of the bar concerned estab-

lishes by clear and convincing evidence: (1) with respect to paragraph (d) that there was such an infirmity of proof of misconduct by the attorney as to give rise to the clear conviction that this court could not consistently with its duty accept as final the conclusion of the other court; or (2) that the procedure resulting in the investigation or discipline of the attorney by the other court was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or (3) that the imposition of discipline of this court would result in grave injustice.

In this case, Gouiran, through his affidavit and memorandum of law, attempted to persuade the district court that disbarment on the basis of the New Jersey disciplinary proceedings would result in a "grave injustice," *see* Local Rule 4(g)(3), in light of the fact that the NJDRB had found "compelling circumstances" militating against revocation of his license to practice law.

In reviewing the district court's order disbarring Gouiran, it appears that the order may have rested on one of two distinct rationales. First, the order can be read as expressing the district court's view that, since Gouiran no longer is licensed to practice law as a member of a state bar, he is ineligible to retain his federal bar membership. This follows from the last sentence of the order, which states: "Since [Gouiran's] license to practice law in New Jersey has been revoked and since [Gouiran] is not admitted to practice law in New York, his license to practice in this Court is revoked...." Alternatively, the district court may have concluded that Gouiran had failed to establish, by clear and convincing evidence, "that the imposition of discipline of this court would result in grave injustice." Local Rule 4(g)(3). While the order does not set forth any specific findings or conclusions in this regard, the order came in response to an earlier order requiring Gouiran to show cause why reciprocal discipline should not be imposed. We consider each of the district court's possible rationales in turn.

### 1. No State Bar Membership

■ If, as the literal language of the district court's order suggests, Gouiran's disbar-

ment was based on the fact that he no longer is a member of a state bar, the district court erred. Although an attorney must be admitted to a state bar in order to be admitted to the Southern District bar, *see* Local Rule 2(a), the subsequent revocation of the state bar membership does not automatically disqualify an attorney from the continued practice of law in the district court. *See In re Sassower*, 700 F.Supp. 100, 102 (E.D.N.Y. 1988). In *Theard v. United States*, 354 U.S. 278, 281, 77 S.Ct. 1274, 1276, 1 L.Ed.2d 1342 (1957), the Supreme Court explained:

> While a lawyer is admitted into a federal court by way of a state court, he is not automatically sent out of the federal court by the same route. The two judicial systems of courts, the state judicatures and the federal judiciary, have autonomous control over the conduct of their officers....

Indeed, in an earlier case, the Supreme Court had characterized the requirement of state bar membership as "ephemeral in its operation, since its effect is exhausted upon admission" to the federal bar. *Selling v. Radford*, 243 U.S. 46, 49, 37 S.Ct. 377, 378, 61 L.Ed. 585 (1917).

Even apart from the Supreme Court precedent cited above, the Southern District's own local rules do not provide for automatic disbarment of an attorney who has lost his or her state bar membership. Local Rule 4, which governs attorney disbarment, provides that discipline may be imposed on attorneys convicted of felonies or misdemeanors, attorneys disciplined by other state or federal bars, and attorneys found to have violated the A.B.A. Code of Professional Responsibility. An attorney's loss of his membership in the state bar, standing alone, is not set forth as a ground for revocation of federal bar membership.

We therefore conclude that Gouiran's loss of his state bar membership does not automatically require the loss of his federal bar membership. To the extent that the district court concluded otherwise, it erred.

### 2. "Grave Injustice"

■ Pursuant to Local Rules 4(d) and (g), the district court was permitted to discipline

**58**

Gouiran based upon New Jersey's imposition of discipline unless Gouiran established, by clear and convincing evidence, that reciprocal discipline would result in a "grave injustice."[1] As discussed above, Gouiran submitted an affidavit and a memorandum of law recounting the unusual circumstances surrounding his disbarment by New Jersey and, in particular, the NJDRB's belief that disbarring him "would not advance the goals and purposes of the attorney disciplinary system." The district court may have carefully considered Gouiran's submissions and determined, nevertheless, that removing him from the Southern District bar would not be unjust. However, the court made no specific findings of fact or conclusions of law in this regard. In fact, the order does not mention Local Rule 4(g) or the "grave injustice" standard.

■ While our review of the order disbarring Gouiran is extremely limited, it cannot be based on mere speculation. Even the highly deferential abuse-of-discretion standard requires us to ensure that the district court properly exercised the broad discretion with which it is vested. Indeed, when we review for an abuse of discretion, we primarily are concerned with the method by which the district court exercises its discretion, rather than its outcome. *See Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 393, 112 S.Ct. 748, 765, 116 L.Ed.2d 867 (1992) (O'Connor, J., concurring). If the district court takes into account all of the relevant circumstances, then we will, in most cases, affirm its determination, even if we would have reached a contrary outcome in the first instance. *See id.* However, because the district court's order here gives us no indication that it considered the exceptional circumstances of this case, meaningful appellate review is not possible. For this reason, a remand is required.

■ This is not to say that a district court will be required to provide specific findings of fact and conclusions of law in every attorney-disbarment order. We are cognizant that many courts, including the Supreme Court, use summary-type orders for the im-

position of reciprocal discipline. In many cases, this will be satisfactory. However, where the attorney presents substantial evidence of factors weighing against the imposition of reciprocal discipline, we believe that more is required. How much more will depend on the circumstances of the case and the degree to which the court's reasoning is apparent from the record, but ordinarily the court should provide a brief statement giving the basis and justification for the imposition of discipline.

## CONCLUSION

For the foregoing reasons, we vacate the order disbarring Gouiran and remand for further proceedings consistent with this opinion.

---

1. Gouiran does not challenge New Jersey's determination that he was guilty of misconduct, nor does he challenge the procedures by which that determination was reached.