**In re Kenneth HELLER, an Attorney and Counselor–at–Law,**

**Grievance Committee for the Southern District of New York, Petitioner–Appellee,**

**v.**

**Kenneth Heller, Respondent–Appellant.**

**No. 05–0527–CV.**

United States Court of Appeals, Second Circuit.

Nov. 7, 2005.

On submission, for Petitioner–Appellee.

Robert Sokolski, Sokolski & Zekaria, P.C., New York, New York, for Respondent–Appellant.

Present: WALKER, Chief Judge, FEINBERG, and CARDAMONE, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the appeal is **DISMISSED** and the district court's order is **AFFIRMED.**

Respondent-appellant Kenneth Heller appeals from the September 29, 2005 order of the United States District Court for the Southern District of New York (Jed S. Rakoff, *Chair, Committee on Grievances S.D.N.Y.*) removing Heller from the roll of practicing attorneys of that court as reciprocal discipline for Heller's state-court disbarment pursuant to S.D.N.Y. Local Rule 1.5. We have jurisdiction over the appeal, *Matter of Jacobs,* 44 F.3d 84, 88 (2d Cir. 1994), and review the district court's disbarment order for abuse of discretion. *In re Gouiran,* 58 F.3d 54, 56 (2d Cir.1995). Familiarity with the facts and procedural history is assumed.

S.D.N.Y. Local Civil Rule 1.5(d)(2) provides that the Southern District may impose reciprocal disbarment on account of state disbarment "unless the attorney concerned establishes by clear and convincing evidence" any of three problems identified in *Selling v. Radford,* 243 U.S. 46, 51, 37 S.Ct. 377, 61 L.Ed. 585 (1917): lack of due process, insufficient evidence, or the grave injustice of disbarment. Heller's submission to the district court alleges that his state disciplinary proceeding was wanting in due process.

Heller argues that the district court's disbarment order should be vacated because the grievance committee did not examine his state disbarment proceeding for due process violations. In *Gouiran,* we held that "where [an] attorney presents substantial evidence of factors weighing against the imposition of reciprocal discipline, ... more is required" than a "summary-type order" containing no findings of fact or conclusions of law. 58 F.3d at 58. There, we vacated a "summary-type" reciprocal disbarment order because the Southern District had been faced with the conclusion of a state disciplinary board, adopted by the state supreme court, that disbarment would be an extreme sanction for the attorney's violations—"substantial evidence" that disbarment would work a grave injustice. *Id.* at 58. Here, unlike *Gouiran,* although Heller's submission to the district court lists evidence of one of the *Selling* concerns (a due process viola-

tion), it does not present an independent body's favorable determination of his contentions or offer similar substantial evidence supporting his claims. Consequently, *Gouiran* does not mandate that the district court make specific findings about his contentions. That it "careful[ly] consider[ed]" his submission is enough. Upon review of Heller's submission, we find that the Southern District did not err in implicitly finding that Heller had not clearly and convincingly established that his state disciplinary proceeding deprived him of due process. Accordingly, the Southern District grievance committee did not err in rejecting Heller's motion to stay the disbarment order.

For the foregoing reasons, the appeal is **DISMISSED** and the district court's order is **AFFIRMED**.