09-0718-cv
In re Winford Kent Bishop

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**AMENDED SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 19ᵗʰ day of January, two thousand ten.

Present:
>           WILFRED FEINBERG,
>           ROBERT D. SACK,
>           ROBERT A. KATZMANN,
>                     *Circuit Judges*.

_____

In re WINFORD KENT BISHOP,

>           *Attorney*.[*]

No. 09-0718-cv

_____

For Attorney:                     JAMES E. SPENCE, JR., Wilson, Morton & Downs, LLC,
                                  Decatur, GA

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and

**DECREED** that the district court's reciprocal order of disbarment, dated September 22, 2008, is

**VACATED** and the case is **REMANDED** to the district court.

---

[*] The Clerk of the Court is directed to amend the official caption as set forth above.

Appellant Winford Kent Bishop appeals from an order of reciprocal disbarment issued by the Grievance Committee of the United States District Court for the Southern District of New York ("the Southern District Committee") pursuant to Southern District Local Rule 1.5(d)(2), as well as the denial of his motion for reconsideration. We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the imposition of disciplinary sanctions by a district court for a clear abuse of discretion. *In re Gouiran*, 58 F.3d 54, 56 (2d Cir. 1995). "[W]hen we review for an abuse of discretion, we primarily are concerned with the method by which the district court exercises its discretion, rather than its outcome." *Id.* at 58.

Bishop raises one significant challenge to the proceedings in this case, arguing that in its disbarment order the Southern District Committee should have provided "a brief statement giving the basis and justification for the imposition of discipline," which is ordinarily required by this Court in cases "where the attorney presents substantial evidence of factors weighing against the imposition of reciprocal discipline." *Id*. In its order the Southern District Committee simply noted that Bishop had been disbarred in Georgia and that he had "failed to provide the requisite clear and convincing evidence why he should not be subject to reciprocal disbarment."

Bishop correctly points out that, in a parallel proceeding, the Grievance Committee of the Eastern District of New York ("the Eastern District Committee") wrote a full opinion imposing reciprocal disbarment, finding that "the circumstances here . . . ris[e] to the level at which *Gourian* [sic] requires some discussion." The Eastern District Committee first acknowledged that the merits of the underlying complaints against Bishop in Georgia had never been adjudicated, as he was disbarred by default for failure to respond to notice of the disciplinary

proceedings against him. The Eastern District Committee also noted that a Special Master charged with investigating Bishop's case in Georgia found that, though Bishop had been properly served with notice, he had not been afforded "due process of law." The Special Master credited Bishop's assertion that he was not aware of the proceedings and recommended that Bishop's disbarment be vacated; a disciplinary Review Panel adopted those findings and conclusions.

Though the Supreme Court of Georgia eventually determined that Bishop had been afforded due process and disbarment was appropriate, *Matter of Bishop*, 264 Ga. 241, 242 (1994), we believe that the findings and recommendation of the Special Master and the Review Panel constitute, per *Gouiran*, "substantial evidence of factors weighing against the imposition of reciprocal discipline" sufficient to warrant an explanation of the "basis and justification" for the Southern District Committee's decision. *Gouiran*, 58 F.3d at 58. In the absence of such an explanation, meaningful appellate review of the decision is not possible. *See id.*; *see also Matter of Jacobs*, 44 F.3d 84, 88 (2d Cir. 1994) ("[W]hile regulation of attorney behavior should remain primarily within the discretion of each district court, it is contrary to fundamental notions of fairness to close off all avenues of review.").

Accordingly, we **VACATE** the order of the Southern District Committee and **REMAND** to allow it to explain the reasons for its imposition of reciprocal disbarment in this case. Within ten days of a decision of the district court, the jurisdiction of this Court may be restored by a letter from either party to the Clerk of the Court, *see United States v. Jacobsen*, 15 F.3d 19, 22 (2d Cir. 1994), in which event the renewed appeal will be assigned to this panel.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

By:_____