Federal Grievance Committee v. Williams

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term, 2013
(Decided: February 13, 2014)

Docket No. 13-845

---

Federal Grievance Committee,

*Petitioner-Appellee,*

v.

Stephen John Williams,

*Respondent-Appellant.*

---

Before:             Cabranes, Sack, and Wesley, *Circuit Judges.*

---

FOR APPELLANT:      Stephen John Williams, *pro se*, Storrs, CT

FOR APPELLEE:       Wick R. Chambers, of Winnick Ruben Hoffnung
                    Peabody & Mendel, LLC, New Haven, CT[1]

---

[1] In lieu of a standard brief, the Appellee filed a statement adopting the district court's findings and conclusions, which is a permissible substitute for a brief under this Court's Local Rule 46.3(b).

**PER CURIAM**:

Stephen John Williams appeals from an order of the United States District Court for the District of Connecticut (Chatigny, J.) reciprocally suspending him from the practice of law before that court, based on an order of the Connecticut Superior Court. For the following reasons, the district court's reciprocal suspension order is AFFIRMED.

The district court's reciprocal suspension was based on a 2005 order of the Connecticut Superior Court, which suspended Williams for six months, with readmission contingent on completing courses on ethics and Connecticut practice, due to his pursuit of a meritless mandamus motion in that court and his intimidation of a state court deputy chief clerk "with improper unsolicited advice." The state judge essentially found that Williams had pursued a disruptive course when he sought to reopen a state court proceeding to challenge a speeding ticket.

I.    **Standards of Review**

The district court's reciprocal suspension is reviewed for an abuse of discretion. *In re Edelstein*, 214 F.3d 127, 130-31 (2d Cir. 2000). When a district court is considering reciprocal discipline, the attorney bears the burden of

2

demonstrating, by clear and convincing evidence, that a different disposition would be appropriate, due to: (1) "absence of due process" in the prior disciplinary proceeding, (2) "substantial infirmity in the proof of lack of private and professional character," or (3) "'some other grave reason'" that reciprocal discipline would be inconsistent with "'principles of right and justice.'" *In re Roman*, 601 F.3d 189, 193 (2d Cir. 2010) (quoting *Selling v. Radford*, 243 U.S. 46, 51 (1917))(additional quotation marks and citation omitted).  These standards require significant deference to both the district court and the state court.  In the present appeal, Williams has not met his burden under this difficult "double deference" set of standards: he has not shown that the district court abused its discretion in imposing reciprocal discipline after it found that Williams had not shown by clear and convincing evidence that reciprocal discipline based on the state's suspension was unwarranted.

As a preliminary matter, we reject Williams's contention that the "clear and convincing evidence" standard does not apply because *Selling* does not explicitly use that phrase.  Prior panels of this Court have held that the clear and convincing evidence standard applies to reciprocal discipline determinations, *see Roman*, 601 F.3d at 193; *In re Friedman*, 51 F.3d 20, 22 (2d Cir. 1995), and we are not

3

free to revisit those holdings, *see In re Zarnel*, 619 F.3d 156, 168 (2d Cir. 2010) (holding that panels of this Court are "bound by the decisions of prior panels until such time as they are overruled either by an *en banc* panel of our Court or by the Supreme Court" (internal quotation marks omitted)). We also reject the suggestion that the "clear and convincing evidence" standard discussed in *Roman* and *Friedman* applies only to reciprocal discipline imposed under the local rules used in those cases. That standard applies to all reciprocal disciplinary proceedings in the federal courts of this circuit.

## II.     Allegations that the State Courts Violated Due Process

We reject Williams's argument that he lacked adequate advance notice of the charges against him. The state court's order requiring Williams to show cause why he should not be disciplined did not detail the factual basis for the charges; it simply stated that his "pleadings" may have violated certain practice rules. However, after Williams requested a bill of particulars, the state court judge orally described the factual basis for the charges. While that description was brief, it gave Williams adequate notice of the charges, which were not complicated. *See In re Peters*, 642 F.3d 381, 386-87 (2d Cir. 2011) ("an attorney may receive adequate notice of a misconduct charge by means other than a sanctions

4

motion served prior to the sanctions hearing"). He also had adequate time to defend himself, as the suspension order was issued approximately three months after issuance of the order to show cause and nearly six weeks after the state court judge orally explained the charges.

The statement in *In re Ruffalo*, 390 U.S. 544 (1968), that a disciplinary "charge must be known before the proceedings commence," *id.* at 551, does not require a different result. In that case, the Supreme Court was concerned with disciplinary charges that were "amended on the basis of testimony of the accused" presented in a hearing on the original disciplinary charges, where he had "no opportunity to expunge the earlier statements and start afresh." *Id.*; *see also id.* at 550-51 ("[P]etitioner had no notice that his employment of Orlando would be considered a disbarment offense until after both he and Orlando had testified at length on all the material facts pertaining to this phase of the case."). In the present case, there was no similar unfair amendment of the charges against Williams; the state court judge's oral statement regarding the factual basis for the charges came early enough to allow Williams to prepare his defense and did not otherwise prejudice him.

In any event, we reject Williams's suggestion that, under *Ruffalo*, the state court charges were not "known before the proceedings commence[d]" – *i.e.,* that

the charges were not properly presented in the order to show cause, and that the defect could not be cured by the oral description of the factual basis since the proceedings had commenced by that point. We do not believe the Supreme Court intended any such thing. One could argue that disciplinary "proceedings" commence with the filing or service of the charges, or even earlier with the opening of an investigation prior to charges being determined; however, either of these interpretations of the word "proceedings" in *Ruffalo* would render the Supreme Court's statement meaningless, as they would require the charges to be known by the attorney before the charges were filed or served. Instead, the question of when disciplinary "proceedings" have commenced for purposes of *Ruffalo* must be given a practical answer informed by the requirements of due process. In Williams's case, he was adequately informed of the factual basis for the charges against him before any response was due or any evidentiary hearing was held, and he had a fair opportunity to rebut them.

We also reject Williams's argument that the state court failed to warn him that he could be suspended for a definite time period (*i.e.*, six months). A reasonable person would have seen the warning he actually received – of an open-ended suspension pending completion of approved courses – as encompassing a potential suspension extending beyond six months and, thus, Williams was not

6

prejudiced by the lack of more specific notice.

Williams's other due process challenges to the state court proceedings are either meritless or, at most, concern harmless error.

### III. The Evidentiary Basis for the State Court's Disciplinary Order, and Lack of Any "Grave Reason" Why Discipline Should Not Be Imposed

Williams also has not shown, by clear and convincing evidence, that there was a "substantial infirmity in the proof" supporting the state court disciplinary order. The central charge was based on a letter that Williams had sent to a state court deputy chief clerk stating that (a) opposing counsel intended to subpoena her to testify regarding the mandamus petition and "to defend [her]self and [her] office"; (b) he believed it would be an "ethical violation" for the "prosecutor" to represent her; and (c) she should consider obtaining independent counsel. A reasonable person could have found that letter "intimidating," as found by the state court. At the very least, a reasonable person in Williams's position would have known that the letter likely would cause concern and possibly interfere with the deputy chief clerk's duties (and, in fact, it did interfere with her duties, as it caused her to, *inter alia*, seek advice from a judge).

Williams also has not shown, by clear and convincing evidence, that the state court incorrectly found that the mandamus motion was unnecessary and abusive.

Finally, the circumstances also do not suggest the presence of any "grave reason" why discipline should not be imposed, particularly since the imposed sanction was not draconian.

We have considered all of Williams's other arguments and find that they lack merit. We therefore affirm the district court's order.