19-1676-cv
*Fed. Grievance Comm. v. Josephine S. Miller*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of March, two thousand twenty.

**PRESENT:**
> **PETER W. HALL,**
> **RAYMOND J. LOHIER, JR.,**
> **MICHAEL H. PARK,**
> > *Circuit Judges.*

_____

FEDERAL GRIEVANCE COMMITTEE,

> *Petitioner-Appellee,*
>
> v.                                                                         No. 19-1676-cv

JOSEPHINE SMALLS MILLER,

> *Respondent-Appellant.*

_____

**FOR RESPONDENT-APPELLANT:**       JOSEPHINE S. MILLER, pro se, Danbury, CT.

**FOR PETITIONER-APPELLEE:**       ROBERT M. FROST, JR., Frost Bussert LLC, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Underhill, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

On February 7, 2019, Petitioner-Appellee, the Federal Grievance Committee of the United States District Court for the District of Connecticut ("FGC") initiated a presentment action against Respondent-Appellant Josephine S. Miller pursuant to District of Connecticut Local Rule 83.2(f)(2), seeking reciprocal discipline based on Miller's one-year suspension in Connecticut state court.   The Superior Court of Connecticut ("Superior Court") had suspended Miller on November 26, 2018 for several violations of the Connecticut Rules of Professional Conduct.

On May 10, 2019, the District Court issued a final order imposing reciprocal discipline on Miller pursuant to Local Rule 83.2(f)(2).   Miller, proceeding pro se, appeals.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As a preliminary matter, Miller asserts that because her appeal of her state-court suspension is still pending before the Connecticut Supreme Court, the District Court lacked the authority to impose reciprocal discipline. We disagree. Generally, a district court has the inherent authority to discipline attorneys appearing before it. *See Matter of Jacobs*, 44 F.3d 84, 87 (2d Cir. 1994) ("A district court's authority to discipline attorneys admitted to appear before it is a well-recognized inherent power of the court."); *see also Theard v. United States*, 354 U.S. 278, 281 (1957) ("The two judicial systems of courts, the state judicatures and the federal judiciary, have autonomous control over the conduct of their officers, among whom, in the present context, lawyers are included."); *cf.* Fed. R. App. P. 46(b). Further, nothing in the Local Rules provides that all appeals at the state level must be exhausted before a district court may impose reciprocal discipline. *See* D. Conn. L. Civ. R. 83.2(f)(2). Miller cites no case law, and we are unaware of any, that stands for the proposition that reciprocal discipline cannot be imposed until all avenues of appeal have been exhausted in the jurisdiction originally imposing the discipline. The District Court was within its jurisdiction and authority to discipline Miller.[1]

---

[1] We note that Miller did not move for a stay until after the District Court disciplined her.

Miller also contends that the District Court "rubber stamp[ed] the disciplinary decisions" of the Superior Court and that, in doing so, the court violated her due process and equal protection rights. Contrary to Miller's assertions, we conclude that the District Court acted within its discretion in imposing reciprocal discipline on Miller under the circumstances presented.

Pursuant to Local Rule 83.2(f), upon learning that an attorney was disciplined "by order of the Courts of Connecticut," counsel for the FGC will institute a presentment, petitioning the District Court to impose reciprocal discipline on the offending attorney. D. Conn. L. Civ. R. 83.2(f)(1), (2). The District Court will hold a hearing, and, thereafter,

> shall impose the identical discipline against the attorney unless the Court finds that, on the face of the record upon which the discipline in another jurisdiction is predicated, it clearly appears:
>
> > a. that the procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

She *could have* moved to stay the reciprocal-discipline proceedings in the District Court on the ground that her appeal of the state-court suspension was pending, but she did not do so. Further, when Miller finally moved to stay the District Court's order imposing a reciprocal suspension (pending the outcome of her state-court appeal), the District Court granted her conditional relief: The court stayed the order of reciprocal discipline "during any period when the state discipline has been stayed," but otherwise affirmed the federal suspension so long as the state-court suspension remained in effect. In doing so, the District Court crafted a reasonable response—one we decline to disturb.

4

b. that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistent with its duty, accept as final the discipline imposed; or

c. that the imposition of the same discipline by the Court would result in grave injustice; or

d. that the misconduct established is deemed by the Court to warrant substantially different discipline.

D. Conn. L. Civ. R. 83.2(f)(2).[2] If the District Court finds that one or more of these exceptions applies, it may enter "such other order as it deems appropriate." *Id.*

When the District Court considers reciprocal discipline, its standard of review "is highly deferential to the state court's determination." *In re Williams*, 978 F. Supp. 2d at 125 (citing *Theard*, 354 U.S. at 282); *see also In re Roman*, 601 F. 3d 189, 192–94 (2d Cir. 2010). At the District Court, the burden falls on the attorney, here Miller, "to demonstrate by clear and convincing evidence that reciprocal discipline should not be imposed." *In re Zelotes*, No. 3:13-GP-18 (SRU), 2017 WL 354849, at *2 (D. Conn. Jan. 23, 2017); *accord In re Friedman*, 51 F.3d 20, 22 (2d Cir.

---

[2] "Local Rule 83.2(f) is identical to ABA Model Federal Rule of Disciplinary Enforcement, R.II(D) (1991). The rule reflects the standard set forth in *Selling* . . . which bars reciprocal discipline when the court finds an absence of due process in the prior disciplinary proceeding, substantial infirmity in the proof of a violation, or some other grave reason sufficient to indicate that reciprocal discipline is inconsistent with principles of justice." *In re Williams*, 978 F. Supp. 2d 123, 125 n.1 (D. Conn. 2012), *aff'd Fed. Grievance Comm. v. Williams*, 743 F.3d 28 (2d Cir. 2014), *as amended* (Apr. 10, 2014) (citation omitted).

1995). The District Court "must determine whether the record of the prior [disciplinary] proceeding discloses a substantial defect covered by one of the exceptions" in Local Rule 83.2(f)(2). *In re Zelotes*, 2017 WL 354849, at *2; *see also* D. Conn. L. Civ. R. 83.2(f)(2). If no such defect is found, the District Court will impose reciprocal discipline. D. Conn. L. Civ. R. 83.2(f)(2). We then will review the District Court's imposition of disciplinary sanctions for a clear abuse of discretion. *See In re Gouiran*, 58 F.3d 54, 56 (2d Cir. 1995).

Before the District Court, Miller failed to prove, by clear and convincing evidence, that any of Rule 83.2(f)(2)'s exceptions applied. First, she did not prove that the prior state disciplinary proceeding "was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process." D. Conn. L. Civ. R. 83.2(f)(2)(a). The Superior Court held a three-day hearing at which Miller presented witnesses and exhibits. Miller then submitted a post-hearing brief. The Superior Court issued its decision in a thoughtful forty-page memorandum. Based on the procedural history of her case in Connecticut Superior Court, there is no question that Miller was afforded adequate process. Her argument before the District Court and now again on appeal—that she was treated differently than Caucasian attorneys—is inapposite.

Second, Miller's evidence did not come close to establishing that there was "infirmity of proof" as to the Superior Court's disciplinary findings. D. Conn. L. Civ. R. 83.2(f)(2)(b). Rather than attempting to refute the Superior Court's findings, she instead asserted she was being racially discriminated against by the Connecticut Judicial Branch. This claim does not pertain to the underlying facts that support Miller's suspension.

Finally, Miller did not prove that imposition of reciprocal discipline would result in a "grave injustice," nor did she establish that her misconduct warranted substantially different discipline than that imposed by the Superior Court. D. Conn. L. Civ. R. 83.2(f)(2)(c), (d); *see also In re Roman*, 601 F.3d at 193–94 ("We treat the noted fourth category [Local Rule 83.2(f)(2)(d)] as subsumed by the 'grave reason' category set forth in *Selling* [and in Local Rule 83.2(f)(2)(c)]."). Although Miller argued that a grave injustice resulted from her not being provided an adequate forum to redress her constitutional claims of discrimination, both the Superior Court and the District Court correctly noted that this defense was misplaced and ineffective. Local Rule 83.2(f)(2) contains adequate due process protections, giving the District Court the ability to alter or decline reciprocal discipline as it deems appropriate. *See* D. Conn. L. Civ. R. 83.2(f)(2). Had the

7

District Court found merit in Miller's assertions of racial bias, it could have, pursuant to its discretion under the Local Rule, taken this into account in formulating its order, including by declining to impose reciprocal discipline. The District Court, however, did not have to consider these assertions, and it therefore did not clearly abuse its discretion in refusing to do so. *See id.*; *In re Gouiran*, 58 F.3d at 56.

We have reviewed the remainder of Miller's arguments and find them to be without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court