*Smith v. CVS Albany, LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of August, two thousand twenty-two.

PRESENT:
> DENNY CHIN,
> RICHARD J. SULLIVAN,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

MYRA S. SMITH,

> *Plaintiff-Appellant,*

> v.                                                                     No. 20-4000

CVS ALBANY, LLC,

> *Defendant-Appellee.*

_____

**FOR PLAINTIFF-APPELLANT:**          Myra S. Smith, pro se,
                                                             Brooklyn, NY.

**FOR DEFENDANT-APPELLEE:**          Richard M. DeAgazio, Littler
                                                             Mendelson P.C., Newark, NJ.

Appeal from an order of the United States District Court for the Eastern District of New York (Roslynn R. Mauskopf, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Myra Smith, proceeding pro se, appeals from an order of the district court denying her motion for reconsideration of a prior order that (1) denied her motion to set aside her settlement agreement with CVS Albany, LLC ("CVS"), and (2) dismissed her action against CVS under the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. §§ 621–634. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

In her pro se complaint, Smith (who was then employed as a part-time pharmacy technician at a CVS store in Ridgewood, Queens) sought several forms of relief, including "transfer to another store." Dist. Ct. Doc. No. 1 at 6. After the parties agreed to pursue mediation, Smith – who was then represented by court-appointed pro bono counsel – reached and executed a settlement agreement with CVS whereby Smith agreed to voluntarily dismiss her claims with prejudice in exchange for CVS's agreement to transfer her to a CVS store in Brooklyn, New York.

Shortly after she started work at the Brooklyn CVS store, however, Smith (once again proceeding pro se) filed a motion for "declaratory judgment," Dist. Ct. Doc. No. 28 at 1, which the district court liberally construed as a motion to set aside the settlement agreement based on alleged misrepresentations by CVS. Specifically, Smith alleged that CVS misrepresented the hours of the pharmacy department at the Brooklyn store, which she had believed throughout the mediation to be a twenty-four-hour pharmacy but was in fact in the process of "conversion to non-24 hours' operation." *Id.* at 5 (capitalization standardized). Finding these allegations to "fall far short" of the applicable standard for setting aside a settlement agreement, the district court denied Smith's motion and dismissed her ADEA action against CVS as provided in the agreement. Dist. Ct. Doc. No. 48 at 5. Smith then filed a motion for reconsideration of the dismissal order, which the district court also denied. This appeal followed.

We review the denial of a motion for reconsideration for abuse of discretion. *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). Under this "extremely limited" and "highly deferential" standard, *In re Gouiran*, 58 F.3d 54, 58 (2d Cir. 1995), we will not reverse the district court's order unless its decision "rests on an error of law or a clearly erroneous factual finding," or otherwise

3

"cannot be located within the range of permissible decisions," *United States v. Gonzalez*, 647 F.3d 41, 57 (2d Cir. 2011). Moreover, because a motion for reconsideration is itself "an extraordinary request," *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019), the underlying standard for a district court to "grant[] such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked" and "might reasonably be expected to alter the conclusion reached by the court," *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Finally, because "[a] settlement agreement is a contract that is . . . . binding and conclusive," and "a court cannot relieve [a party] of [her] choice [to settle] simply because h[er] assessment of the consequences was incorrect," *Powell v. Omnicom*, 497 F.3d 124, 128 (2d Cir. 2007) (internal citation omitted), a motion to set aside a settlement agreement under Federal Rule of Civil Procedure 60(b)(3) "cannot be granted absent clear and convincing evidence of material misrepresentations," *Fleming v. N.Y. Univ.*, 865 F.2d 478, 484 (2d Cir. 1989). "Clear and convincing evidence" has been defined as "evidence that satisfies the factfinder that it is highly probable that what is claimed actually happened and . . . is neither equivocal nor open to opposing presumptions." *Loreley Fin. (Jersey) No. 3 Ltd. v.*

4

*Wells Fargo Sec., LLC*, 13 F.4th 247, 260 (2d Cir. 2021) (citation omitted) (applying New York law).

Given the heavy presumptions in favor of denial for the motions at issue here, Smith now faces an extremely steep burden. To prevail on appeal, she would need to establish that it was not "within the range of permissible decisions," *Gonzalez*, 647 F.3d at 57, for the district court to decline her invitation to set aside its prior decision declining, in turn, to set aside a settlement agreement into which she freely chose to enter at the conclusion of mediations in which she was represented by court-appointed counsel. She has not met that burden.

On appeal, Smith concedes that *Shrader* was the proper standard for the district court to apply to her motion for reconsideration. Likewise, she concedes that *Fleming* was the proper standard for the district court to apply to her underlying motion to set aside the settlement agreement. With the latter of these concessions, Smith *also* functionally concedes that the district court did not "overlook[]" the "controlling decisions" when ruling on her motion to set aside the settlement agreement. *Shrader*, 70 F.3d at 257.

Thus, Smith may prevail only by establishing that (1) her motion for reconsideration "point[ed] to . . . . [evidence] that the [district] court had not

5

previously considered," and (2) such evidence was so compelling that the district court's failure to acknowledge it as "controlling" amounted to an abuse of discretion. *Id.*

But as Smith expressly conceded on her motion for reconsideration, she had "'no new facts' to present to the [district] [c]ourt." Dist. Ct. Doc. No. 61 at 3 (quoting Dist. Ct. Doc. No. 59 at 2). In light of that concession, we conclude that the district court did not abuse its discretion in denying her motion for reconsideration.

We have considered all of Smith's arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6