23-872 (L)
*In re Raphael Weitzman*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of September, two thousand twenty-four.

Present:
> RICHARD C. WESLEY,
> MICHAEL H. PARK,
> > *Circuit Judges.*
> LEWIS J. LIMAN,
> > *District Judge.**

---

COMMITTEE ON GRIEVANCES FOR THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK,

> *Petitioner-Appellee*,

> v.                                    23-872 (L); 23-7556 (CON)

RAPHAEL WEITZMAN,

> *Respondent-Appellant.*

---

FOR PETITIONER-APPELLEE:          Evan R. Chesler, Brittany L Sukiennik, Cravath, Swaine & Moore LLP, New York, NY.

---

* Judge Lewis J. Liman, of the United States District Court for the Southern District of New York, sitting by designation.

FOR RESPONDENT-APPELLANT:          Raphael Weitzman, Weitzman Law Offices, L.L.C., New York, NY.

Appeal from the September 7, 2022, May 8, 2023, and October 16, 2023 orders of the Committee on Grievances of the United States District Court for the Southern District of New York (Failla, *J.*, *Chair, Committee on Grievances S.D.N.Y.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the Committee on Grievances of the United States District Court for the Southern District of New York are **AFFIRMED**.

Respondent-Appellant Raphael Weitzman, an attorney, appeals from three orders of the Committee on Grievances of the United States District Court for the Southern District of New York ("the Committee") related to his handling of $1.5 million in disputed settlement funds. In its September 7, 2022 order, the Committee adopted a Magistrate Judge's Report & Recommendation ("R&R") finding that Weitzman violated the New York Rules of Professional Conduct by commingling client funds, failing to maintain settlement funds in a separate account, failing to maintain proper disbursement records, and making false statements to a tribunal. On May 8, 2023, the Committee suspended Weitzman from practicing law in the Southern District of New York for two years. In an October 16, 2023 order, the Committee denied Weitzman's motion to modify or set aside the earlier orders and to disqualify the Committee's counsel. We assume the parties' familiarity with the underlying facts, record of prior proceedings, and issues on appeal.

On appeal, Weitzman argues that the Committee's orders should be vacated because of alleged procedural issues with its investigation, lack of clear and convincing evidence, and excessive sanctions. These arguments are meritless.

This Court reviews the Committee's disciplinary orders for abuse of discretion—that is, "if its imposition of sanctions was based on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or cannot be located within the range of permissible decisions." *In re Peters*, 642 F.3d 381, 384 (2d Cir. 2011) (per curiam) (quotation marks omitted). Although we have applied a more exacting inquiry when the same judge acts as accuser, fact finder, and sentencer, *id*., the "ordinary abuse-of-discretion standard" applies here because different judges and outside counsel referred, investigated, and disciplined Weitzman, *see In re Demetriades*, 58 F.4th 37, 45 n.2 (2d Cir. 2023).

First, we discern no due-process violations in the Committee's investigation. Weitzman argues that the investigation was "flawed" and "denied [him] due process," but the record belies that claim. Weitzman complains that he was "prohibited from presenting evidence" or responding at an evidentiary hearing, Appellant's Br. at 31, but the Magistrate Judge clearly invited him to do so, *see* App'x 1336-37. Weitzman's other complaints fare no better, and he fails to demonstrate that "the procedure . . . was so lacking . . . in opportunity to be heard as to constitute a deprivation of due process." *In re Jacobs*, 44 F.3d 84, 89 (2d Cir. 1994). We thus reject Weitzman's challenge to the Committee's September 7, 2022 order adopting the R&R's investigative findings.

Weitzman's evidentiary challenges also fail. He argues that the Committee "failed to substantiate the charges by . . . clear and convincing evidence" in adopting the R&R and imposing

3

discipline. To the contrary, the R&R's findings are supported by ample evidence of misconduct. The record reflects that Weitzman withdrew $1.5 million from his client's escrow account in March and then represented to the court that he disbursed those funds in November. The Committee appropriately relied on this record of misconduct to find by clear and convincing evidence that Weitzman violated the Rules of Professional Conduct in its September 7, 2022 order.

Second, the Committee acted well within its discretion in suspending Weitzman from practicing in the district for two years. Weitzman argues that the Committee erroneously rejected his mitigating factors in its May 8, 2023 sanctions order. But the Committee reasonably found those factors insignificant in light of the aggravating circumstances—including Weitzman's prior disciplinary action, the number of violations, and Weitzman's lack of remorse. *See* Special App'x at 46-47. Considering these circumstances, the Committee's two-year suspension for Weitzman's misconduct "was well within the range of permissible decisions." *Demetriades*, 58 F.4th at 55 (quotation marks omitted); *see, e.g.*, *In re Friedman*, 609 N.Y.S.2d 578, 586 (1st Dep't 1994) (imposing permanent disbarment for acts of dishonesty to the court because a two-year suspension was "far too lenient"); *In re Friedman*, 51 F.3d 20, 22 (2d Cir. 1995) (per curiam) (indefinite suspension); *In re Disbarment of Friedman*, 513 U.S. 1037, 1037 (1994) (disbarment).

Third, equitable defenses do not shield Weitzman from discipline. Weitzman claims that the doctrines of unclean hands, equitable estoppel, and laches bar the Committee from enforcing its orders. But none of those doctrines applies here. Weitzman does not identify any wrongdoing necessary for unclean hands or equitable estoppel, nor does he show that the lengthy investigation prejudiced him, as the laches defense requires. We thus conclude that there is no equitable basis for limiting the Committee's enforcement of its sanctions order.

4

Weitzman's other challenges to the Committee's decision are similarly frivolous. For example, he argues that his conduct should be excused—including repeated lies to the district court—because his client was "extremely difficult to represent." And Weitzman's ad hominem attacks on the Committee and its counsel are baseless.

Finally, Weitzman's motion to strike the Committee's brief is also frivolous. The Committee has asked this Court to impose sanctions because that motion was "entirely meritless" and "brought for improper purposes." This Court has the inherent power to sanction attorneys for frivolous motions made in bad faith. *Ransmeier v. Mariani*, 718 F.3d 64, 69 (2d Cir. 2013). We conclude that Weitzman's motion has no legal merit, contains affirmative misrepresentations belied by the record, and worked only to burden and attack the Committee. Weitzman's declaration in opposition to the Committee's cross-motion for sanctions continued these baseless attacks and failed to identify any plausible basis for his motion. In light of Weitzman's meritless appeal and misconduct, we impose sanctions in the form of costs incurred by the Committee in responding to his motion. We also refer Weitzman to this Court's Committee on Admissions and Grievances.

*     *     *

We have considered Weitzman's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the September 7, 2022, May 8, 2023, and October 16, 2023 orders of the Committee. We also **DENY** Weitzman's motion to strike the Committee's brief and **GRANT** the Committee's cross-motion for sanctions with an award of costs incurred in responding to that motion.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6